J-A29024-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CHARLES HARMON, | |
| Appellant | No. 1415 EDA 2016 |

Appeal from the Judgment of Sentence March 29, 2016
in the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-0010463-2012

BEFORE:  LAZARUS, J., PLATT, J.,* and STRASSBURGER, J.*

MEMORANDUM BY PLATT, J.:                    **FILED FEBRUARY 28, 2018**

Appellant, Charles Harmon, appeals from the judgment of sentence imposed following his bench trial conviction of aggravated assault, simple assault, resisting arrest, and terroristic threats.  Appellant challenges the sufficiency of the evidence for simple and aggravated assault, and the weight of the evidence.  We affirm.

In its opinion, the trial court sets forth the relevant facts and procedural history of this case.  Therefore, we have no reason to restate them at length here.  For the convenience of the reader, we note briefly that the trial court reports that the evidence supported the finding that, after being stopped for

---

* Retired Senior Judge assigned to the Superior Court.

a traffic violation, and driving without a license, Appellant repeatedly threatened a police officer, resisted arrest, punched and tried to kick the officer. The trial court found Appellant guilty of the crimes previously noted, and sentenced him to an aggregate term of five years' reporting probation. This timely appeal followed.

Appellant raises two questions for our review:

1) [Whether] the evidence presented at trial by the Commonwealth was insufficient in that it failed to support a conviction for the crimes of aggravated assault (F2) where the contact that the Appellant had with the police officer did not rise to the level of a §2701 simple assault nor §2702 aggravated assault - protected class[?]

2) [Whether] the evidence presented at trial was so one-sided or so weighted in favor of acquittal that a guilty verdict shocks one's sense of justice where the officer's testimony was highly implausible on many accounts and should have been discounted by the fact finder[?]

(Appellant's Brief, at 6) (unnecessary capitalization omitted).

Preliminarily, we note that counsel for Appellant has failed to assure that the record includes a transcript of the bench trial. Both of Appellant's issues are predicated on "the evidence presented at trial." (*Id.* at 6, 11, 13). Therefore, the omission of a trial transcript precludes meaningful review of either of Appellant's claims.

This Court cannot meaningfully review claims raised on appeal unless we are provided with a full and complete certified record. **Commonwealth v. O'Black**, 897 A.2d 1234, 1240 ([Pa. Super.] 2006). This requirement is not a mere "technicality" nor is this a question of whether we are empowered to complain *sua sponte* of *lacunae* in the record. In the absence of an adequate

certified record, there is no support for an appellant's arguments and, thus, there is no basis on which relief could be granted.

**Commonwealth v. Preston**, 904 A.2d 1, 7 (Pa. Super. 2006), *appeal denied*, 916 A.2d 632 (Pa. 2007). Accordingly, both of Appellant's arguments are waived.

Moreover, even if we were to review Appellant's claims on the limited record before us, under our standard of review and generally accepted principles of law, we would affirm on the basis of the trial court's opinion.

We observe that the objective facts of this case are not in serious dispute. For example, Appellant does not deny that he punched the police officer. Instead, he contends that the "single punch was slight and caused no pain," *etc.* (Appellant's Brief, at 12). Appellant also engages in rhetorical questions designed to question the credibility of the police officer and cast the facts in a light more favorable to himself, without, however, developing an argument or citing any authority in support of the assertions. (**See id.** at 14). This is an error-correcting Court. We decline Appellant's implicit invitation to re-weigh the evidence or make our own credibility determinations.

After a thorough review of the available record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the trial court, we would conclude that there is no merit to the issues Appellant has raised on appeal. The trial court opinion properly disposes of the questions presented. (**See** Trial Court Opinion, (dated December 1, 2016, and) filed January 6, 2017, at unnumbered pages 5-9) (concluding that: (1) viewing all evidence and

reasonable inferences in light most favorable to Commonwealth as verdict winner, record supports trial court's determination that Appellant is guilty of simple assault and aggravated assault against member of protected class; and (2) we would defer to credibility assessment of trial court which found testimony of police officer credible, and that Appellant was unable to support his contrary contentions on cross-examination, such that Appellant's conviction was supported by weight of the evidence.). Accordingly, we would affirm on the basis of the trial court's opinion.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/28/18

A29024-17

FILED

JAN 06 2016

Criminal Appeals Unit
First Judicial District of PA

IN THE COURT OF COMMON PLEAS
PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
CRIMINAL TRIAL DIVISION

COMMONWEALTH OF PENNSYLVANIA ：     CP-51-CR-0010463-2012

vs. ：

CHARLES HARMON ：



CP-51-CR-0010463-2012 Comm. v. Harmon, Charles
Opinion

7885381931

**OPINION**

KENNEDY, SEAN F., J.                 December 1, 2016

Charles Harmon ("the Defendant") appeals from the judgement of sentence entered in the Philadelphia County Court for Aggravated Assault (18 Pa.C.S.A. §2702), Simple Assault (18 Pa.C.S.A. §2702), Resisting Arrest (18 Pa.C.S.A. §5104), and Terroristic Threats (18 Pa.C.S.A. §2706). The relevant facts and procedural history are as follows.

**FINDINGS OF FACT**

On August 12, 2012 at approximately 9:26 p.m., Officer Jackson ("Officer Jackson") and his partner Officer Koehnlein ("Officer Koehnlein") were finishing a traffic stop in the area of 6200 Vine Street in Philadelphia, Pennsylvania. N.T. 7/29/16 at 20. At that time, Officer Jackson observed a white van traveling southbound on 63rd Street. *Id.* From his vantage point roughly half a block away, Officer Jackson saw the driver of the van slam on his brakes, come to a screeching stop in the middle of the intersection, then back up behind the light. *Id.* at 23. Following this observation, the officers proceeded down Vine Street and conducted a lawful traffic stop of Defendant's vehicle for violation of the Motor Vehicle Code. *Id* at 12.

After approaching the vehicle, the officers collected Defendant's information and ran it through the DMV system. *Id.* at 35. At that time, the system indicated that the Defendant had a suspended ID card and, thus, was an unlicensed driver. *Id.* at 37. Defendant's status as an unlicensed driver made his vehicle eligible for impoundment under the Live Stop program. *Id.* After issuing the Defendant traffic citations, Officer Jackson informed Defendant that his vehicle was being impounded. *Id.* at 13. The officers remained in their vehicle at the scene to wait for the tow truck while Defendant remained in his van. *Id.* at 42. When the tow truck arrived, Officer Jackson instructed Defendant to exit his car for the tow. *Id.* After Defendant exited his vehicle, the officers offered Defendant transportation to his home, which he accepted. *Id.* However, Defendant was noticeably agitated with Officer Jackson, who he called a "nasty cop," and concluded "that's why cops get shot," which he said he hoped would happen to the officer later that evening. *Id.* at 13.

During the 10-15 minute trip between the location of the stop and Defendant's home, Defendant remained extremely agitated. *Id.* at 14. He continued to direct his frustration toward Officer Jackson in particular, repeatedly making derogatory statements in reference to the officer being injured in some way. *Id.* This verbal conduct was consistent throughout the car ride. *Id.* When they arrived at Defendant's home, Officer Jackson asked Officer Koehnlein to let Defendant out of the vehicle on the passenger's side, which was furthest away from where Officer Jackson was seated. *Id* at 45. However, after exiting the vehicle, Defendant walked around the back of the car, then proceeded to approach Officer Jackson's open window on the driver's side of the vehicle. *Id.* at 46. Defendant continued making comments to the officer, including remarks such as "you need to be shot," "you ain't no good cop," and "you piece of crap." *Id.* at 15. Tired of hearing Defendant's comments, Officer Jackson attempted to pull away

from the scene. *Id.* at 15. However, before the car could pull away, Defendant reached through the window and used a closed fist to punch the officer in his left shoulder. *Id.* In response, Officer Jackson jumped out of the car and told the Defendant he was under arrest. *Id.* at 16.

Defendant backed away from the vehicle toward the steps of his property, eventually lowering himself onto his back with his hands up and his feet kicking in the air. *Id.* at 55. Officer Jackson once again told Defendant he was under arrest. *Id.* at 16. Defendant continued kicking his feet. *Id.* At that time, Officer Jackson took out his asp baton and struck Defendant twice on his legs, once again reiterating that he was under arrest. *Id.* When Officer Jackson turned around to look for Officer Koehnlein, Defendant ran up the stairs, through the screen door and into his house. *Id.* The officers approached the house and knocked on the door, telling Defendant "sir, you need to come back outside. You're under arrest." *Id.* Defendant replied, "Oh, let me put my shirt on" and shut the door. *Id.*

At this time, Officer Jackson concluded that Defendant was probably going to exit through the back of his house, so the officers drove around to 55th Street, which is near the back alley of Defendant's block. *Id.* at 58. Once on 55th street, the officers began walking down the alley, where they observed Defendant walking through his backyard with keys and an additional shirt in hand. *Id.* at 17. He was walking at an expedited pace. *Id.* At this time, Officer Jackson pulled out his taser, then instructed Defendant to get on the ground. *Id.* at 18. Defendant complied with this order and was taken into custody. *Id.* at 18. However, even after Defendant's arrest, his demeanor remained consistently aggressive, as he continued making derogatory comments towards Officer Jackson. *Id.* at 19.

## PROCEDURAL HISTORY

On August 13, 2012, Defendant was arrested and charged with Aggravated Assault (18 Pa.C.S.A. §2702), Simple Assault (18 Pa.C.S.A. § 2702), Resisting Arrest (18 Pa.C.S.A. §5104), Terroristic Threats (18 Pa.C.S.A. §2706) and Recklessly Endangering Another Person (18 Pa.C.S.A §2705). See, Bill of Information. At the preliminary hearing on August 31, 2012, the Honorable Scott O'Keefe dismissed the REAP charge and held the other four charges for court. On March 29, 2016, Defendant requested and was granted a waiver of a jury trial, which occurred before the Honorable Sean F. Kennedy. N.T. 7/29/16 at 9. Based on the testimony presented at trial, Defendant was found guilty on all charges. *Id.* at 95. At that time, the matter immediately proceeded to sentencing. *Id.* at 98. Defendant was sentenced to five years reporting probation for Aggravated Assault, one year reporting probation for Terroristic Threats, and one year reporting probation for Resisting Arrest. *Id.* All three sentences were to run concurrently, resulting in a total of five years reporting probation. *Id.* Under these circumstances, the Defendant filed a timely Notice of Appeal with the Superior Court of Pennsylvania.

## MATTERS COMPLAINED OF ON APPEAL

The Defendant's 1925(b) asserts:

1. The verdict is against the weight of evidence and/or the evidence was insufficient to support the verdict because:

   a. The evidence presented at trial by the Commonwealth was insufficient in that it failed to support a conviction for the crimes of Aggravated Assault (F2). Specifically, the contact that the appellant had with the police officer did not rise to the level of §2701 Simple Assault nor §2702 Aggravated Assault - Protected Class.

   b. In the alternative, seeks a new trial on the ground that the evidence was so one-sided or so weighted in favor of acquittal that a guilty verdict shocks one's sense of justice." *Commonwealth v. Milazzo* (Pa. Super. Ct., 2005). Specifically, the

officer's testimony was highly implausible on many accounts and should have been discounted by the fact finder.

1925(b) Statement, Paragraph 1.

## DISCUSSION

### I. Sufficiency Claim - The evidence presented was sufficient support the Defendant's conviction for both simple assault and aggravated assault.

When evaluating a sufficiency claim, the standard is whether, viewing all evidence and reasonable inferences in the light most favorable to the Commonwealth, the factfinder reasonably could have determined each element of the crime was established beyond a reasonable doubt. *Commonwealth v. Kane*, 10 A.3d 327, 332 (Pa. Super. 2010). The Superior Court considers all the evidence admitted, without regard to any claim that some of the evidence was wrongly allowed. *Id*. The Superior Court will not weigh the evidence or make credibility determinations. *Id*. Moreover, any doubts concerning a defendant's guilt were to be resolved by the fact finder, unless the evidence was so weak and inconclusive that no probability of fact could be drawn from that evidence. *Id*.

The Commonwealth may meet its burden by proving a crime's elements with evidence which is entirely circumstantial and the trier of fact, who determines credibility of witnesses and the weight to give the evidence produced, is free to believe all, part, or none of the evidence. *Commonwealth v. Riley*, 811 A.2d 610, 614 (Pa. Super. 2002), quoting *Commonwealth v. Brown*, 701 A.2d 252, 254 (Pa. Super. 1997). Ultimately, "the test is whether the evidence, thus viewed, is sufficient to prove guilt beyond a reasonable doubt." *Commonwealth v. Whiteman*, 485 A.2d 459, 462 (Pa. 1984).

To sustain a conviction for simple assault, the Commonwealth must show that the Defendant either attempted to cause or intentionally, knowingly, or recklessly caused bodily

injury to another. Pa.C.S.A. 18 § 2702. "However, when the victim comes under one of the several special categories, the legislature has mandated that more serious consequences flow from the same type of conduct, that is, the conduct becomes one of aggravated assault." *Commonwealth v. Flemings*, 652 A.2d 1282, 1283 (Pa. Super. 1995). Therefore, an attempt to cause bodily injury to an officer in the performance of duty necessarily constitutes aggravated assault under Pa.C.S.A. 18 § 2702(a)(3).

Defendant contends that the Commonwealth failed to present sufficient evidence to support a conviction for either of these offenses. More specifically, Defendant argues that the Commonwealth's evidence did not demonstrate that his contact with Officer Jackson constituted an assault. However, for the reasons that follow, this claim is without merit.

First, it is uncontroverted that Officer Jackson did not sustain any serious bodily injury from Defendant. However, the Superior Court has previously noted that the type of bodily injury has no bearing on whether a Defendant has committed simple or aggravated assault in this particular context. *Commonwealth v. Marti*, 779 A.2d 1177 (Pa. Super. 2001). Rather, "calling a simple assault upon a police officer aggravated merely reflects the legislature's intent to punish this assault more severely than one committed upon a layperson, which is accomplished by grading the offense as a felony of the second degree rather than a misdemeanor of the second degree." *Id* at 1183. Additionally, "in a prosecution for aggravated assault on a police officer[,] the Commonwealth has no obligation to establish that the officer actually suffered a bodily injury; rather, the Commonwealth must establish only an attempt to inflict bodily injury, and this intent may be shown by circumstances which reasonably suggest that a defendant intended to cause injury." *Commonwealth v. Rahman*, 75 A.3d 497, 502 (Pa. Super. 2013).

At trial, Officer Jackson testified that Defendant was agitated throughout his exchange with the officers. Defendant directed his frustration toward Officer Jackson, consistently making derogatory remarks and hoping aloud that the officer would be shot. In an effort to avoid any further conflict, Officer Jackson asked his partner to let Defendant out of the vehicle when they arrived at Defendant's house. Although Defendant exited the car from the rear passenger side, he proceeded to walk around the vehicle and stand directly in front of Officer Jackson's open window on the driver's side of the patrol car. There, he continued to make inflammatory comments, culminating in his decision to punch Officer Jackson when the officers began to pull away from the scene. This was not a situation in which Defendant recklessly made physical contact with an officer in an attempt to resist arrest. Instead, Defendant's behavior was entirely unprovoked. Here, rather than exiting the vehicle and going into his house, Defendant decided to re-engage with Officer Jackson, eventually resorting to physical force when his verbal attack did not produce the desired result.

In summation, although Officer Jackson did not incur bodily injury, the court was within its province as factfinder to infer that Defendant *attempted to cause* the officer bodily injury when he used a closed fist to punch him in the shoulder. Defendant's verbal conduct creates Defendant's unprovoked physical attack clearly shows Defendant's intention to inflict bodily harm on Officer Jackson, irrespective of whether that harm actually occurred. As such, the record supports not only the Defendant's conviction for simple assault, but also for an aggravated assault, as the offense was committed against a member of a protected class.

## II. Weight of the Evidence - The Trial Court's verdict was not against the weight of the evidence.

The Defendant also claims that the verdict was against the weight of the evidence. In reviewing a weight claim, the appellate court focuses solely on whether the trial court abused its discretion; it does not consider the underlying question of whether the verdict itself was against the weight of the evidence. *Commonwealth v. Widmer*, 744 A.2d 745, 751 (Pa. 2000). "Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence." *Commonwealth v. Johnson*, 910 A.2d, 60 (Pa. 2006).

A weight claim actually concedes sufficiency of the evidence, as the appellate court is to focus only on quality of the trial court's discretion. *Widmer*, 744 A.2d at 751. Therefore, "[t]he test is not whether the court would have decided the case in the same way, but whether the verdict is so contrary to the evidence as to make the award of a new trial imperative so that right may be given another opportunity to prevail." *Commonwealth v. Whiteman*, 485 A.2d 459, 462 (Pa. 1984). Accordingly, in order to reverse a trial court's ruling on a weight of evidence claim, it "must determine that the verdict is so contrary to the evidence as to 'shock one's sense of justice.'" *Commonwealth v. Hitner*, 910 A.2d 721, 733 (Pa. Super. 2006).

As the trier of fact, the trial judge is permitted to evaluate the credibility of witnesses and the weight to be accorded to evidence presented at trial. *Hitner*, 910 A.2d at 733. "[I]t is for the fact-finder to make credibility determinations, and the finder of fact may believe all, part, or none of a witness's testimony." *Commonwealth v. Lee*, 956 A.2d 1024, 1029 (Pa.Super.2008), *appeal denied*, 964 A.2d 894 (Pa.2009) (citation omitted). Additionally, the weight to be accorded conflicting evidence is exclusively for the fact finder, whose findings will not be disturbed on appeal if they are supported by the record. *Commonwealth v. Zapata*, 290 A.2d 114

(Pa. 1972). Therefore, "[a] new trial should not be granted because of a mere conflict in testimony or because the judge on the same facts would have arrived at a different conclusion." *Commonwealth v. Hunter*, 768 A.2d 1136 (Pa. Super. 2001).

In the instant case, Defendant argues that Officer Jackson's testimony was highly implausible and should have been discounted. This claim is meritless. At trial, a lengthy cross-examination revealed only minor discrepancies in the officer's testimony. These discrepancies did not negatively affect the Officer's overall credibility, nor did they taint the officer's remaining testimony as to the Defendant's behavior on the night of the incident. Defendant, on the other hand, flatly denied any misconduct, but failed to provide any testimony that would tend to support a credibility determination in his favor. For instance, Defendant claimed that he did not punch Officer Jackson, nor did he make any of the numerous remarks that the officer described in detail during his testimony. Defendant testified that it was Officer Jackson who injured *him* and then broke his cell phone. However, he was unable to support these contentions on cross-examination. When questioned about the allegations, Defendant stated that he had no proof, as he was unable to obtain his medical records in time for trial, nor could he locate the allegedly broken cell phone. In making his weight claim, Defendant is essentially arguing that his testimony was more credible than the officer's testimony. However, this is a determination left solely to the fact finder. Given the facts on the record and the quality of the testimony at trial, the Trial Court concluded that Officer Jackson's testimony was credible. Therefore, Defendant's conviction was not against the weight of the evidence and a new trial is not warranted.

## CONCLUSION

The Commonwealth succeeded in its burden to establish, beyond a reasonable doubt, that the Defendant committed the offenses of both Simple Assault and Aggravated Assault. The

Defendant's conviction is supported by sufficient evidence and is not contrary to the weight of the evidence. Accordingly, the Trial Court respectfully requests that the determination of guilt be affirmed on appeal.

BY THE COURT:

_____

SEAN F. KENNEDY, J.

Commonwealth vs. Charles Harmon
CP-51-CR-0010463-2012
1925(b) Opinion

## PROOF OF SERVICE

I hereby certify that I am this 6th day of January, 2017, serving the foregoing Court Order upon the person(s) and in the manner indicated below, which service satisfies the requirement of Pa.R.Crim.P. 114:

**Defense Counsel/Party:**    Lawrence J. Bozzelli, Esquire
The Bozzelli Law Firm
211 North 13th Street
Philadelphia, PA 19107

Type of Service: ( ) Personal      (x) First Class Mail    Other, please specify:_____

**District Attorney:**    Hugh J. Burns, Jr., Esquire
Chief, Appeals Unit
Philadelphia District Attorney's Office
Three South Penn Square
Philadelphia, PA 19107-3499

Type of Service: ( ) Personal      (x) First Class Mail    Other, please specify:_____

**Date:** 1/6/2017

Kathleen Kennedy, Esquire
Law Clerk for Judge Sean F. Kennedy