J-A01005-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAMES REIMER | : | |
| | : | |
| Appellant | : | No. 1096 EDA 2019 |

Appeal from the Order Entered March 23, 2018
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CR-0001150-2018

BEFORE: NICHOLS, J., MURRAY, J., and COLINS, J.[*]

MEMORANDUM BY NICHOLS, J.: **FILED JULY 20, 2020**

Appellant James Reimer appeals the judgment of sentence imposed following his conviction by the trial court without a jury (bench trial) for the summary offenses of careless driving, careless driving/unintentional death, careless driving/serious bodily injury, operating a vehicle with unsafe equipment, failing to stop at a red signal, and related offenses.[1] Appellant presents various arguments challenging the sufficiency and weight of the evidence. We remand for further proceedings consistent with this memorandum.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 75 Pa.C.S. §§ 3714(a), 3714(b), 3714(c), 4107(b)(2), and 3112(a)(3)(i), respectively. Appellant was initially charged with several misdemeanor DUI offenses. However, immediately before the bench trial, the Commonwealth conceded that Appellant's blood sample was improperly obtained, and elected to proceed solely on the summary offenses. N.T. Trial, 1/14/19, at 4.

The trial court summarized the facts and procedural history of this case as follows:

The offenses for which [Appellant] was convicted took place on October 12, 2017, at the intersection of Route 23 and Bar Harbor Drive in West Conshohocken.

On that date, [Appellant] was operating a Mack dump truck traveling westbound on Front Street, Route 23, at approximately 9:30 in the morning.

The sky was overcast and it had been raining off and on throughout the morning. A traffic signal controls the flow of traffic at the intersection where the accident occurred. [Appellant]'s truck struck an oncoming Toyota sedan that had been making a left hand turn onto Bar Harbor Drive from eastbound Route 23. The force with which [Appellant]'s truck hit the Toyota caused the Toyota to hit a Mazda sedan that was stopped on Bar Harbor Drive.

The Toyota was driven by Mr. John Hardy and carried the passenger, Mrs. Darnell Hardy. As a result of the accident, Mrs. Hardy died on the scene and Mr. Hardy suffered serious injuries. The driver of the Mazda, Mr. Herman Lee, was not injured as a result of the crash.

*     *     *

[The trial court conducted a bench trial on January 14, 2019. The trial court received testimony from several eyewitnesses, the investigating officer, and a crash investigation expert on behalf of the Commonwealth. Appellant called Mr. Hardy as a witness and testified on his own behalf.]

Upon conclusion of the one-day bench trial, [Appellant] was found guilty on all counts. Sentencing occurred simultaneous to the verdict and [Appellant] was directed to pay fines resulting from the violations of the vehicle code in addition to restitution. [Appellant] incurred fines totaling eight hundred dollars ($800). [Appellant] was directed to pay restitution in the amount of Twenty-Four Thousand Seven Hundred Fifty Three Dollars and Eighty Nine Cents ($24,753.89), designated between the estate of the deceased, [Mrs.] Hardy, the driver of the vehicle, [Mr.] Hardy, and PennDOT.

[Appellant] filed a post sentence motion on January 23, 2019, seeking a new trial and a modification of restitution. After a hearing on the post sentence motion on February 22, 2019, and a new hearing on restitution on March 20, 2019, [the trial court] denied [Appellant]'s request for a new trial, and modified in part the [c]ourt's original restitution order. The new order provided an itemized list for restitution in addition to removing the provision directing restitution to be paid to [PennDOT].

[Appellant filed a timely post-sentence motion on January 23, 2019. The motion raised, among other things, a claim that the verdict was against the weight of the evidence.[2] On March 21, 2019, the trial court issued an order granting in part, denying in part, and vacating in part.[3]]

On April 9, 2019, [Appellant] filed a timely notice of direct appeal to the Superior Court of Pennsylvania. By Order dated April 11, 2019, the [trial court] directed [Appellant] to file a statement of errors complained of on appeal, pursuant to Pennsylvania Rule of Appellate Procedure 1925(b). [The trial court] received [Appellant]'s timely-filed 1925(b) statement on May 2, 2019.

Trial Ct. Op., 6/7/19, at 1-4.

_____

[2] Specifically, in his post-sentence motion for a new trial, Appellant argued:

The verdict was against the weight of the evidence with respect to the question of whether: (a) [Appellant] operated his vehicle carelessly at any time relevant hereto; (b) that said careless driving was the direct cause of the death of [Mrs. Hardy] and the serious bodily injury sustained by [Mr.] Hardy.

Appellant's Post-Sentence Motion, 1/23/19, at 2-3. In support of his request for a new trial, Appellant argued that Mr. Hardy had no recollection of the accident, that Mr. Hardy made an illegal turn in front of Appellant's vehicle, that testimony that Appellant was traveling fifty-five to sixty miles per hour was unreliable and incredible, and that Appellant could not have discovered problems with the brakes on his vehicle. *Id.* at 3.

[3] The trial court denied Appellant's requests for a new trial, but granted Appellant's requests to vacate the sentence of restitution to PennDOT and laboratory costs.

In his 1925(b) statement, Appellant raised six claims of error:

1. The trial court erred as a matter of law in finding [Appellant] guilty on all counts as the verdict was contrary to the weight of evidence. The trial court erred as a matter of law in allowing a lay witness to guess the speed of defendant, [Appellant's] vehicle at any time relevant to the charge of careless driving.

2. The trial court erred as a matter of law in finding [Appellant] guilty of violation[s] of [75 Pa.C.S. §§ 3112(a)(3)(i)— failure to stop at red signal, 3714(a)—careless driving, 3714(b)— careless driving causing unintentional death, 3714(c)—careless driving causing serious bodily injury, and 4107(b)(2)— operating a vehicle with unsafe equipment] arising out of a motor vehicle accident which occurred at the intersection of Front Street and Bar Harbor Drive in West Conshohocken, Pennsylvania on or about October 12, 2017 as such finding was contrary to the testimony of Detective Morrissey who testified that the defective brakes on the subject vehicle would not have been discovered by [Appellant's] visual inspection.

3. The trial court erred as a matter of law in disregarding the evidence of [Mr.] Hardy's violation of Section 3322 of the [Pennsylvania] Motor Vehicle Code which caused the crash involving [Appellant's] vehicle.

4. The trial court erred in allowing hearsay evidence on the issue of restitution.

5. The trial court erred in allowing hearsay evidence on the issue of restitution without regard to the fair market value of the costs expenses requested.

6. The trial court abused its discretion in awarding restitution for the following:

   a. Excessive vehicle storage charges

   b. Musicians for [victim's] funeral;

   c. Excessive expert witness fees;

   d. Witness fee for a Cheltenham police officer; and

   e. Excessive vehicle towing and clean up fee.

Appellant's Rule 1925(b) Statement.

Of relevance to this appeal,[4] the trial court, in its Rule 1925(a) opinion, interpreted Appellant's first two issues as challenges to the weight of the evidence. Trial Ct. Op. at 6. The trial court responded to Appellant's claims by emphasizing that credible eyewitness testimony established that Appellant was speeding and that his truck had traveled beyond the stop bar when the signal in his direction turned red. *Id.* at 7. In addition, the trial court pointed out that, according to the testimony of Detective Morrissey, Appellant's pre-trip inspection should have revealed defects in a tire and the steering axle of his vehicle. *Id.* The trial court stated that it "found the . . . testimony of [Brian Leflar, Daniel Finnegan, and Detective Morrissey] to be credible, and trustworthy." *Id.* Further, in addressing Appellant's first issue, the trial court concluded that Appellant's objection to the trial court's reliance on lay witness testimony concerns the admissibility, not the weight of the evidence. *Id.* at 8. Accordingly, the trial court opined that it did not abuse its discretion when

---

[4] With respect to Appellant's third claim in his Rule 1925(b) statement that complainant Mr. Hardy committed a traffic violation and caused the accident, the trial court noted that the record was silent as to any citations or violations issued to or committed by Mr. Hardy and concluded that comparative and contributory negligence did not impact Appellant's guilt or whether Appellant's actions satisfied the element of the crime for which he was convicted. Trial Ct. Op. at 10.

As to Appellant's remaining three claims regarding restitution, the trial court concluded that it properly admitted receipts and invoices as part of sentencing and that its award of restitution was not excessive. *Id.* at 8-10. As discussed herein, Appellant has abandoned his challenges to the trial court's order of restitution on appeal.

denying Appellant's post-sentence motion challenging the weight of the evidence. *Id.*

In his brief, Appellant raises the following question for our review:

Does a trial court in a bench trial err by convicting a defendant without concluding that the Commonwealth established that defendant operated his "vehicle in careless disregard for the safety of persons or property" under 75 Pa.C.S. § 3714?

Appellant's Brief at 5.

Appellant asserts that the trial court was required to determine that Appellant violated "all provisions of a statute" before entering a finding of guilt. *Id.* at 13. Appellant contends that his careless driving convictions were improper because the trial court did not conclude that he acted carelessly within the meaning of Section 3714.[5] *Id.* at 15. Relying on ***Commonwealth v. Gezovich***, 7 A.3d 300 (Pa. Super. 2010) and ***Commonwealth v. Huggins***, 836 A.2d 862 (Pa. 2003), Appellant argues that the *mens rea* element of careless driving requires the Commonwealth to prove that Appellant acted with more than ordinary tort negligence. Specifically, Appellant contends that his careless driving convictions required the

---

[5] Appellant indicates that he is not challenging the trial court's "findings of guilt" for disregarding a red traffic signal under 75 Pa.C.S. § 3112(a)(3), nor for unlawful activities under 75 Pa.C.S. § 4107(b)(2). Appellant's Brief at 5, n.1. However, later in his brief, Appellant states that he "appeals from his conviction and imposition of sentence for (1) failing to stop at a red signal, (2) careless driving/unintentional death, (3) careless driving/serious bodily injury, (4) and operating a vehicle with unsafe equipment, following a one-day bench trial. *Id.* at 6.

Commonwealth to establish "willful or wanton disregard for the safety of persons or property." *Id.* at 12.

Appellant concedes that "the record here could reasonably lead to a conclusion that [Appellant] was negligent," but he argues that the trial court's Rule 1925(a) opinion does not indicate "whether the [trial] court deemed the conduct sufficient to meet the statutory standard." *Id.* at 17. Appellant summarizes the record and asserts that the trial court "ignored substantial evidence, including testimony from witnesses cited in the [trial court opinion], to support the bench trial verdict." *Id.* at 15. Appellant maintains that the trial testimony presented a question regarding the sufficiency of the evidence that was "left unanswered by the trial court opinion." *Id.* at 17.

In sum, Appellant contends that "(1) the finding [of guilt] did not meet the statutory requirements, and (2) the finding was against the weight of the evidence." *Id.* Appellant suggests that "this Court should vacate the finding of guilty under 75 Pa.C.S. § 3714 and vacate the sentence imposed for that alleged violation." *Id.* at 24.

The Commonwealth notes that it is unclear whether Appellant intends to challenge the weight or the sufficiency of the evidence. Commonwealth's Brief at 7. In either case, the Commonwealth contends that Appellant's claims are waived. *Id.* at 6. The Commonwealth acknowledges that Appellant timely filed a court-ordered Rule 1925(b) statement identifying six issues. *Id.* at 8. However, the Commonwealth asserts that Appellant "either wholly failed to

identify, or failed to provide sufficient detail to identify, the issue[s] presented in his appellate brief." *Id.* at 8.

Specifically, the Commonwealth asserts that Appellant failed to raise a sufficiency challenge in his Rule 1925(b) statement. *Id.* at 9. The Commonwealth contends that because Appellant did not discuss the *mens rea* issue in his concise statement, that argument is waived. *Id.* at 7. Relying on **Commonwealth v. Williams**, 959 A.2d 1252 (Pa. Super. 2008), the Commonwealth submits that Appellant's sufficiency claim is waived for failure to specify the unproven elements. *Id.* at 8-9.

Next, citing **Commonwealth v. Postie**, 110 A.3d 1034 (Pa. Super. 2015), the Commonwealth posits that Appellant waived his weight of the evidence claims because his arguments lacked sufficient detail and were not adequately developed in his appellate brief. *Id*. at 8, 15. The Commonwealth argues that, although Appellant claimed the verdict was against the weight of the evidence in his Rule 1925(b) statement, "he failed to specify that the basis for his careless driving weight claim was the supposed lack of evidence that he acted with a *mens rea* more culpable than mere negligence." *Id.* at 10. The Commonwealth further argues that Appellant's brief contains no citation to legal authority to support his weight of the evidence argument and does not state the applicable standard of appellate review in his brief. *Id.* at 15. The Commonwealth observes that Appellant "simply invites this Court to reweigh the evidence." *Id.*

Moreover, the Commonwealth contends that Appellant's challenges to the sufficiency and weight of the evidence are meritless because "ample evidence showed that Appellant's conduct was worse than mere negligence." *Id.* at 6, 7. Specifically, the Commonwealth argues that Appellant's sufficiency claim lacks merit because eyewitness testimony established that Appellant was driving so erratically moments before the crash that other drivers distanced themselves to avoid collisions. *Id.* at 12. Based on this evidence, the Commonwealth contends that the trial court reasonably inferred that Appellant's conduct was more than negligent. *Id.* at 13. To the extent Appellant raises a weight claim, the Commonwealth argues that the trial court did not abuse its discretion in rendering its guilty verdict based on ample evidence including, eyewitness testimony about Appellant's dangerous driving, and the severity of the collision, such that a finding of guilt is not shocking to one's conscience. *Id.* at 14-15.

We note that a sufficiency of the evidence claim questions whether the evidence established "each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt." ***Commonwealth v. Widmer***, 744 A.2d 745, 751 (Pa. 2000) (citation omitted); ***see also Commonwealth v. Williams***, 176 A.3d 298, 305 (Pa. Super. 2017), *appeal denied*, 187 A.3d 908 (Pa. 2018). "Counsel is not required to make a motion with the trial court in order to preserve a challenge to the sufficiency of the evidence." ***Commonwealth v. Orellana***, 86 A.3d 877, 879 (Pa. Super. 2014) (citation omitted and some formatting altered).

- 9 -

Nevertheless, this Court has held that "when challenging the sufficiency of the evidence on appeal, the [a]ppellant's [Rule] 1925 statement must specify the element or elements upon which the evidence was insufficient in order to preserve the issue for appeal." *Commonwealth v. Garang*, 9 A.3d 237, 244 (Pa. Super. 2010) (citation and quotation marks omitted); *see also Commonwealth v. Hansley*, 24 A.3d 410, 415 (Pa. Super. 2011) (noting that a trial court should not have to guess which issues are being raised and that a Rule 1925(b) statement "which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent of no [c]oncise [s]tatement at all." (citation and quotation marks omitted)). The proper remedy for insufficient evidence is to vacate the conviction and discharge the defendant for that offense. *Commonwealth v. Whiteman*, 485 A.2d 459, 461 (Pa. Super. 1984).

In contrast, a "challenge to the weight of the evidence is distinct from a challenge to the sufficiency of the evidence in that the former concedes that the Commonwealth has produced sufficient evidence of each element of the crime, but questions which evidence is to be believed." *Commonwealth v. Kinney*, 157 A.3d 968, 971 (Pa. Super. 2017) (citation omitted and some formatting altered). "[A] challenge to the weight of the evidence must be raised with the trial judge or it will be waived." *Commonwealth v. Gillard*, 850 A.2d 1273, 1277 (Pa. Super. 2004) (citation omitted). "The trial court will only award a new trial when the jury's verdict is so contrary to the evidence as to shock one's sense of justice." *Commonwealth v. Olsen*, 82

A.3d 1041, 1049 (Pa. 2013) (citation and quotation marks omitted). An appellate court must then "review the trial court's exercise of discretion, not the underlying question of whether the verdict is against the weight of the evidence." *Id.* (citation omitted and some formatting altered). When a verdict is found to be against the weight of the evidence, the proper remedy is a new trial. *Whiteman*, 485 A.2d at 461.

Instantly, Appellant's arguments present various challenges that could be interpreted as sufficiency or weight of the evidence claims. Appellant purports to challenge the sufficiency of the evidence for his convictions on three counts of careless driving under Section 3714(a), (b), and (c) respectively, and expressly requests that this Court vacate these convictions in his brief because the Commonwealth failed to prove the element of carelessness. *See* Appellant's Brief at 24.

Yet, other than making bald assertions, Appellant has failed to develop his argument with any specificity as to any alleged unproven elements in his brief for the careless driving offenses, nor is his sufficiency challenge to the carelessness element specified in his Rule 1925(b) statement. *See* Appellant's Rule 1925(b) Statement at ¶1-2. Further, Appellant's Rule 1925(b) statement conflates sufficiency and weight claims, which the trial court identified solely as a weight of the evidence claim. *See Hansley*, 24 A.3d at 415 (noting that a "court's review and legal analysis can be fatally impaired when the court has to guess at the issues raised"); *see also Garang*, 9 A.3d at 244 (reiterating "the [a]ppellant''s [Rule] 1925 statement must specify the element or

elements upon which the evidence was insufficient in order to preserve the issue for appeal." (citation and quotation marks omitted)). Accordingly, Appellant failed to preserve his sufficiency claim for appeal, and it is therefore, waived. Accordingly, we cannot consider this claim.[6] ***See id.***

Appellant further contends that (1) the trial evidence could be read as indicating that the vehicle that Appellant struck made a turn against a red light, (2) Appellant may not have had a red light, (3) Appellant could not have been aware of the defects on his truck, and (4) the Commonwealth was unable to determine Appellant's speed when the accident occurred. Appellant's Brief at 17-21. Here, Appellant appears to raise weight of the evidence claims against his careless driving convictions under Section 3714(a), in addition to failure to stop at red signal and operation of a vehicle with unsafe equipment.

Appellant raised a weight of the evidence claim in his post-sentence motion. ***See Gillard***, 850 A.2d at 1277; Appellant's Post Sentence Mot. at 2 (claiming that "[t]he verdict was against the weight of the evidence with respect to the question of whether [Appellant] operated his vehicle carelessly at any time relevant [to the accident]"). The trial court denied this claim, and in its Rule 1925(a) opinion, explained that it found the testimony of Brian Leflar, Daniel Finnegan, and Detective Morrissey, to be credible and

---

[6] Moreover, to the extent Appellant appears to challenge his convictions for failing to stop at a red light and operating a vehicle with unsafe equipment, he has not developed any meaningful arguments based on the elements of those offenses, and therefore his sufficiency claims as to these charges is also waived.

trustworthy, and that Appellant's claims did not merit relief. *See* Trial Ct. Op. at 7.

Although Appellant raised his weight of the evidence claim in his post-sentence motion before the trial court, we are constrained to conclude that his appellate challenge to the weight of the evidence has been waived. Appellant has failed to properly argue this claim in his brief submitted to this Court because Appellant failed to develop his arguments, or set forth the applicable standard for appellate review, and legal authority to support his arguments before this Court. *See Commonwealth v. Rahman*, 75 A.3d 497, 504 (Pa. Super. 2013). Specifically, Appellant failed to explain how the bench trial verdict was shocking to one's sense of justice. *See Olsen*, 82 A.2d at 1049. Therefore, Appellant's claim that the bench trial verdict was against the weight of the evidence is waived, and we cannot consider it. *See Rahman*, 75 A.3d at 504.

Although we conclude that Appellant has failed to preserve any of his appellate issues, our review is not ended. We now consider whether this Court may address the trial court's restitution order *sua sponte* as a challenge to the legality of sentence, and whether appellate counsel's failure to preserve any issues in Appellant's direct appeal constitutes *per se* ineffective assistance of counsel warranting *nunc pro tunc* relief.

With respect to restitution, we observe that in general, the trial court's authority to order restitution implicates the legality of sentence which is not waivable. *Commonwealth v. Burwell*, 58 A.3d 790, 792 (Pa. Super. 2012).

This Court may raise and review an illegal sentence claim *sua sponte*.

**Commonwealth v. Ramos**, 197 A.3d 766, 768 (Pa. Super. 2018).

Moreover, in **Commonwealth v. Weir**, 201 A.3d 163 (Pa. Super. 2018), *appeal granted*, 215 A.3d 966 (Pa. 2019), this Court explained that there is a

> distinction between claims that challenge the sentencing court's statutory authority to impose restitution, and those which seemingly concede such authority, but challenge the court's exercise of discretion in determining the appropriate amount of restitution. Accordingly, in determining whether a particular claim implicates the legality or discretionary aspects of sentencing, we do not merely look at the manner in which a restitution challenge is phrased; we must instead examine the specific nature of the claim presented to determine whether it challenges the sentencing court's statutory authority to impose restitution, or its discretion in determining the amount of restitution.

**Weir**, 201 A.3d at 172 (citation omitted). "[W]here the Commonwealth has established each element of § 1106(a), *i.e.*, the victim suffered loss to person or property directly caused by the specific crime committed by the defendant, a claim that the restitution order is excessive implicates the discretionary aspects of sentencing." **Id.** at 174 (emphasis and citations omitted). Further, if a claim implicates the discretionary aspects of sentencing, the claim must be properly preserved on appeal, or be subject to waiver.[7] **See id.** at 174-75.

_____

[7] We acknowledge that our Supreme Court has granted allowance of appeal in **Weir** on the following question:

Instantly, we note that in his Rule 1925(b) statement, Appellant challenged his restitution sentence based on the admission of hearsay testimony and argued that the restitution amount was excessive. Appellant's Rule 1925(b) Statement at ¶¶ 4-6. However, our review of the Rule 1925(b) statement reveals that Appellant's restitution claim does not specifically challenge any element of Section 1106(a), including the victim suffering loss to person, or property directly caused by Appellant's crimes. **See Weir**, 201 A.3d at 174. Consequently, it appears that Appellant has limited his restitution claim to challenging the amount of his restitution sentence as excessive. **See id**. Accordingly, Appellant's restitution claim implicates the discretionary aspects of sentencing and not the legality of his sentence. Other than bald assertions of excessiveness, Appellant failed to argue his restitution claim with any specificity, or challenge to any element of Section 1106(a), nor has Appellant included a Pa.R.A.P. 2119(f) statement in his appellate brief. Therefore, Appellant has abandoned his restitution claims, and he has failed to preserve his challenge to the discretionary aspects of his sentence for our

_____

Whether the Superior Court majority erred in holding that a challenge to an order of restitution pursuant to 18 Pa.C.S. § 1106 (Restitution for Injuries to Persons or Property), contending that the amount is speculative and not supported by the record, always implicates the discretionary aspects of sentence that is subject to waiver, or whether such a challenge actually may implicate the legality of sentence and is non-waivable, as Judge Kunselman correctly concluded in her concurring opinion?

**Weir**, 215 A.3d at 966. However, an opinion of this Court remains binding until the Pennsylvania Supreme Court overrules the decision. **Commonwealth v. Pepe**, 897 A.2d 463, 465 (Pa. Super. 2006).

- 15 -

review.  *See Rahman*, 75 A.3d at 504; *see also Commonwealth v. Derry*, 150 A.3d 987, 991 (Pa. Super. 2016) (noting that "[a]n appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction" by including a Pa.R.A.P. 2119(f) statement in his brief).  In sum, these claims are waived, and we may not address them *sua sponte*.

Lastly, given our findings that no appellate issues have been preserved, we consider whether Appellant's counsel's performance on appeal constitutes ineffectiveness *per se* and, if so, whether there is a remedy.  *See Commonwealth v. Parrish*, 224 A.3d 682, 701-02 (Pa. 2020).  By way of background, in *Commonwealth v. Rosado*, 150 A.3d 425 (Pa. 2016), our Supreme Court held "that the filing of an appellate brief which abandons all preserved issues in favor of unpreserved ones constitutes ineffective assistance of counsel *per se*."  *Rosado*, 150 A.3d at 434.  In that case, the appellant initially took a direct appeal.  *Id.* at 426.  This Court found no issues preserved and summarily affirmed because appellate counsel filed a Rule 1925(b) statement, but then filed a brief attempting to raise an unpreserved sufficiency of the evidence claim.  *Id.*

The appellant then filed a Post Conviction Relief Act[8] (PCRA) petition to reinstate his direct appeal rights.  *Id.* at 426-27.  The PCRA court denied relief and this Court affirmed.  *Id.* at 427.  Our Supreme Court reversed this Court, reiterating "that errors which **completely** foreclose appellate review amount

---

[8] 42 Pa.C.S. §§ 9541-9546.

to a constructive denial of counsel and thus ineffective assistance of counsel *per se*, whereas those which only partially foreclose such review are subject to the ordinary ***Strickland***/***Pierce*** framework." ***Id.*** at 433 (emphasis in original). The ***Rosado*** Court further noted that

> the filing of a brief that raises only waived issues, while technically distinct, is nonetheless akin to failing to file documents perfecting an appeal. There is no meaningful difference between an attorney who fails to file a notice of appeal, Rule 1925(b) statement, brief, or petition for allowance of appeal—thereby forfeiting his client's right to appeal—and one who makes all necessary filings, but does so relative solely to claims he has not preserved for appeal, producing the same end. In both situations, counsel has forfeited all meaningful appellate review.

***Id.*** at 434.

In ***Parrish***, the appellant in a capital murder case sought PCRA relief after our Supreme Court affirmed his judgment of sentence on direct appeal. ***Parrish***, 224 A.3d at 686. The appellant timely filed his first PCRA petition and the PCRA court appointed PCRA counsel. ***Id.*** Following lengthy proceedings that included the filing of at least three amended PCRA petitions raising numerous claims and two evidentiary hearings, the PCRA court denied relief. ***Id.*** at 686-89. The appellant timely appealed the trial court's order denying PCRA relief to our Supreme Court. PCRA counsel timely filed a Rule 1925(b) statement, but the PCRA court found the statement too vague for the court to determine which rulings that Appellant was contesting, and filed its order denying relief, which the PCRA court addressed in its 1925(a) opinion. ***Id.*** at 689-90

Following a remand for new appellate counsel and supplemental briefs, our Supreme Court in *Parrish*, considered whether PCRA counsel's filing of a vague Rule 1925(b) statement in the appeal constituted ineffective assistance of counsel *per se*. *Id.* at 690-91. The High Court summarized the history of Rule 1925, *id.* at 691-96, and noted that current Rule 1925(c)(3) states:

> If an appellant represented by counsel in a criminal case was ordered to file a Statement and failed to do so or filed an untimely Statement, such that the appellate court is convinced that counsel has been *per se* ineffective, and the trial court did not file an opinion, the appellate court may remand for appointment of new counsel, the filing of a Statement *nunc pro tunc*, and the preparation and filing of an opinion by the judge.

*Id.* at 691-92 (quoting Pa.R.A.P. 1925(c)(3)).

The *Parrish* Court concluded that the Rule 1925(b) statement filed in that appeal was vague such that Rule 1925(b)(4)(vii) mandated waiver of all appellate claims. *Id.* at 700. The *Parrish* Court discussed *Rosado* and determined that PCRA counsel's "filing of a vague Rule 1925(b) statement, which has completely forfeited [the appellant's] right to appellate review of his collateral claims, constitutes ineffective assistance of assistance of counsel *per se*." *Id.* at 701-02.

In its conclusion, the *Parrish* Court reasoned:

> Necessarily, then, we must determine the appropriate remedy in this situation. Our Court has indicated that, whenever post-conviction counsel's performance is so deficient that it has entirely denied the post-conviction petitioner the right to appeal, remand to the lower court is the appropriate remedial action so that new counsel can take the necessary steps to restore that right. [*Commonwealth v. Albrecht*, 720 A.2d 693, 700-01 (Pa. 1998)]; *see also* [*Commonwealth v. Albert*, 561 A.2d 736, 738

- 18 -

(Pa. 1989)] (because appellate brief filed in appeal from the denial of PCRA relief was so deficient as to render meaningful appellate review impossible, remand for the appointment of new appellate counsel to prepare a new appeal was required in order to effectuate petitioner's post-conviction right to appellate review secured by Article V, Section 9).

Here, [the appellant] has already received the appointment of new counsel; accordingly, all that remains is to remand this matter for the preparation of a new Rule 1925(b) statement *nunc pro tunc*. Thereafter, the PCRA court must then file a new Rule 1925(a) opinion in response.

*Id.* at 702 (footnote omitted).

Here, although Appellant's counsel filed a Rule 1925(b) statement, the weight and sufficiency claims were based on conflated legal arguments, bald assertions, and unpreserved claims that required the trial court to guess the specific issues that Appellant sought to raise on appeal. *See Hansley*, 24 A.3d at 415. Under these circumstances, we conclude that the Rule 1925(b) statement was vague and deficient, which is tantamount to filing no concise statement at all. *See id.*

Further, in addition to waiving his sufficiency and weight claims, Appellant's counsel filed a brief in which he abandoned any remaining claims that he preserved or attempted to preserve in the Rule 1925(b) statement. Instead, Appellant's counsel raised an entirely new issue, which he did not raise before the trial court. *See Rosado*, 150 A.3d at 434; *see also Hansley*, 24 A.3d at 415. Accordingly, because Appellant's counsel forfeited all meaningful appellate review by filing a deficient Rule 1925(b) statement and a brief in which he abandoned any properly preserved claims, he was

ineffective *per se*.  ***See Rosado***, 150 A.3d at 434; ***see also Parrish***, 224 A.3d at 702.  We now consider the appropriate remedy in this case.

Unlike the ***Parrish*** Court's remand order, which was based, in part, on Rule 1925(c)(4), neither ***Rosado*** nor our Rules of Appellate Procedure provide for immediate *nunc pro tunc* relief by an appellate court.  ***See Parrish***, 224 A.3d at 686.  Moreover, the general rule in Pennsylvania is that "claims of ineffective assistance of counsel are to be deferred for PCRA review." ***Commonwealth v. Holmes***, 79 A.3d 562, 576 (Pa. 2013); ***see also Rosado***, 150 A.3d at 428.

However, deferring the matter of Appellant's counsel's *per se* ineffectiveness to a PCRA proceeding is problematic.  Appellant was convicted of summary offenses, none of which carried the possibility of imprisonment, and Appellant's sentence consisted of only restitution, fines, and costs. Therefore, Appellant is not eligible for PCRA relief.  ***See*** 42 Pa.C.S. § 9543(a)(1)(i) (stating that to be eligible for PCRA relief, the petitioner must, in part, "plead and prove by a preponderance of the evidence that the petitioner has been convicted of a crime under the laws of this Commonwealth and is at the time relief is granted . . . currently serving a sentence of imprisonment, probation or parole for the crime"); ***see also Commonwealth v. James***, 771 A.2d 33, 36 (Pa. Super. 2001) (holding that a PCRA petitioner was ineligible for relief when the petitioner's sentence and probationary period expired and only the order of restitution remained).  ***But see Commonwealth v. Delgros***, 183 A.3d 352, 361 (Pa. 2018) (noting that a

defendant sentenced to pay a fine was not eligible for PCRA relief, and further holding that a trial court was required to consider claims of ineffective assistance of counsel raised in a post-sentence motion).

Instantly, although Appellant was convicted of summary offenses, he has a constitutional right to file an appeal.  *See Commonwealth v. Stock*, 679 A.2d 760, 764 (Pa. 1996) (discussing Pa. Const. Art. V, § 9).  Therefore, in order to protect Appellant's constitutional right to appeal, we remand the matter to the trial court for further proceedings consistent with this memorandum.  *See Parrish*, 224 A.3d at 686; *Rosado*, 150 A.3d at 434.

Specifically, we remand this matter for the trial court to determine whether Appellant is entitled to appointed appellate counsel.  If so, the court shall appoint new counsel within forty-five days of this decision, unless Appellant elects to proceed *pro se*, or with private counsel.  Given the recent judicial emergency, the trial court shall inform this Court if more time is required.

Case remanded with instructions.  Jurisdiction retained.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/20/2020

- 21 -