485 A.2d 459

**COMMONWEALTH of Pennsylvania**

**v.**

**Paul WHITEMAN, a/k/a Paul Whittman a/k/a Paul Wyhiteman, Appellant.**

Superior Court of Pennsylvania.

Submitted May 4, 1984.

Filed Nov. 30, 1984.

Ferris P. Webby, Assistant Public Defender, Wilkes-Barre, for appellant.

Joseph Giebus, Assistant District Attorney, Wilkes-Barre, for Commonwealth, appellee.

Before CIRILLO, DEL SOLE and POPOVICH, JJ.

CIRILLO, Judge:

Appellant was tried by jury in the Court of Common Pleas of Luzerne County and found guilty of driving under the influence of alcohol and receiving stolen property. He appeals from the judgment of sentence entered August 8, 1983.

The first question appellant presents for our review is, "Was the finding of guilty on the charges of driving under the influence and receiving stolen property against

the evidence, the weight of the evidence and the law?" Ordinarily when this court decides issues on appeal, we restrict ourselves to the Statement of Questions Involved in the appellant's brief for a definition of the issues to be decided. Pa.R.A.P. 2116(a). In this case we must ask what decidable issue appellant's first question raises.

■■■ In the trial court, in support of his post-verdict motions in arrest of judgment and for a new trial, appellant offered the selfsame broad and general attacks on the verdict as comprise his first "issue" on appeal. The trial court construed the motions as alleging that the evidence was insufficient to support the verdicts, and accordingly addressed the sufficiency of the evidence in its opinion denying the motions. In the Argument portion of his brief to this Court, appellant contests the sufficiency of the evidence, apparently satisfied that this is the issue raised in his Statement of the Questions Involved. However, the only relief appellant requests of this Court is that we grant him a new trial. If, indeed, the evidence were insufficient to support the verdicts a new trial would be not only inappropriate, but constitutionally impermissible. When a verdict of guilty is overturned on insufficiency of the evidence grounds, the double jeopardy clause of the Fifth Amendment to the United States Constitution precludes retrial. *Hudson v. Louisiana*, 450 U.S. 40, 101 S.Ct. 970, 67 L.Ed.2d 30 (1981). A new trial is a proper remedy when the verdict is found to be against the *weight* of the evidence. *See Commonwealth v. Graeff*, 296 Pa.Super. 480, 483–84 n. 3, 442 A.2d 1153, 1154 n. 3 (1982).

> Sufficiency of the evidence and weight of the evidence are discrete inquiries.... In reviewing the sufficiency of the evidence, we must view the evidence presented and all reasonable inferences taken therefrom in the light most favorable to the Commonwealth, as verdict winner. The test is whether the evidence, thus viewed, is sufficient to prove guilt beyond a reasonable doubt....
>
> A motion for new trial on grounds that the verdict is contrary to the weight of the evidence concedes that

there is sufficient evidence to sustain the verdict but contends, nevertheless, that the verdict is against the weight of the evidence. Whether a new trial should be granted on grounds that the verdict is against the weight of the evidence is addressed to the sound discretion of the trial judge, and his decision will not be reversed on appeal unless there has been an abuse of discretion.... The test is not whether the court would have decided the case in the same way but whether the verdict is so contrary to the evidence as to make the award of a new trial imperative so that right may be given another opportunity to prevail.

*Commonwealth v. Taylor*, 324 Pa.Super. 420, 425, 471 A.2d 1228, 1229–30 (1984); *accord, Commonwealth v. Sample*, 321 Pa.Super. 457, 468 A.2d 799 (1983) (allocatur denied); *see also Commonwealth v. Miller*, 303 Pa.Super. 504, 450 A.2d 40 (1982).

Quite obviously, appellant has missed the "crucial" distinction between evidentiary weight and sufficiency, *see Commonwealth v. Vogel*, 501 Pa. 314, 461 A.2d 604 (1983), *cert. denied,* — U.S. —, 104 S.Ct. 1603, 80 L.Ed.2d 133 (1984), and hence has muddled the weight of the evidence claim raised in his issue statement with the sufficiency of the evidence claim pursued in his argument.

■ This lapse in appellate advocacy leads us to comment that the form in which the first issue involved in this appeal is stated, that the verdict was "against the evidence, the weight of the evidence, and the law," should be avoided scrupulously by the criminal defense bar. In former times, our courts accepted such "boiler plate" attacks on the verdict as invitations to examine the entire record to determine whether the jury's verdict was supported by the evidence and entered in accordance with the charge of the trial court. However, more recently the Supreme Court of Pennsylvania repeatedly has condemned "boiler plate" post-verdict motions, and held them inadequate to preserve more specific issues for appellate review. *See Commonwealth v. Pronkoskie*, 498 Pa. 245, 445 A.2d 1203 (1982); *Common-*

*wealth v. Green,* 493 Pa. 409, 426 A.2d 614 (1981); *Commonwealth v. Philpot,* 491 Pa. 598, 421 A.2d 1046 (1980); *Commonwealth v. Gravely,* 486 Pa. 194, 404 A.2d 1296 (1979); *cf. Commonwealth v. Rodgers,* 500 Pa. 405, 456 A.2d 1352 (1983). *See also Commonwealth v. Blair,* 460 Pa. 31, 331 A.2d 213 (1975). These decisions merely extend the rationale of the Pennsylvania Rules of Criminal Procedure, that issues not specifically raised before the trial court are waived on appeal. *See* Pa.R.Crim.P. 1123(a), (c)(3).

The same considerations which render boiler plate allegations objectionable when offered in support of post-verdict motions also make them unfit to serve in an appellate brief as statements of the issues involved on appeal. *See Commonwealth v. Waters,* 477 Pa. 430, 384 A.2d 234 (1978) (specific post-verdict motions enhance the quality of review; encourage professional advocacy; discourage pursuit of frivolous claims; and promote judicial economy). We have here a case in point. By stating the first issue involved in this appeal in boiler plate fashion, appellate counsel has confused himself and us about the legal standards and relief appropriate to his claims.

■ After appellant's post-verdict motions were filed, but well before the filing of the appellate briefs in this case, the Superior Court en banc in *Commonwealth v. Holmes,* 315 Pa.Super. 256, 461 A.2d 1268 (1983) comprehensively reviewed the state of the law regarding boiler plate post-verdict motions. The Court determined that thenceforth general allegations that "the evidence was insufficient" or the verdict "against the weight of the evidence" would be held inadequate to preserve *any* issues for appellate review. Post-verdict motions now must allege in what particular respect(s) the evidence was insufficient to prove the elements of the crime(s), or in what particular respect(s) the weight of the evidence was such that the verdict should be overturned and a new trial granted. *Id.*

*Holmes* followed the similar holding of *Commonwealth v. Neely,* 298 Pa.Super. 328, 444 A.2d 1199 (1982), but

overruled *Neely* because the en banc Court believed the rule announced in *Neely*, and reaffirmed in *Holmes*, should have prospective application only in order to assure full notice to the bar. The *Holmes* Court decreed a sixty-day grace period, before the expiration of which "boiler plate" weight or sufficiency claims could still be made in post-verdict motions. Appellant's post-verdict motions receive the benefit of the grace period declared in *Holmes*.

We will deign to reach the merits of appellant's argument that the evidence was insufficient to support the verdicts, in accordance with what we said in *Commonwealth v. Cardona*, 316 Pa.Super. 381, 386–89, 463 A.2d 11, 14–15 (1983):

> Appellant's boiler plate post-verdict motions, reproduced in the first paragraph of this opinion, alleged only that the verdict was contrary to the evidence, the weight of the evidence, and the law. . . . However, in his brief to this court appellant's argument is that the evidence was *insufficient* to support the verdict. . . . We will treat the allegation in appellant's post-verdict motions that the verdict was "contrary to the evidence" as a challenge to the sufficiency of the evidence, and hold that that challenge has not been waived. However, we point out that just such complications as these have contributed to the frustration of the appellate courts of this State in dealing with boiler plate post-verdict motions, and to the waiver decisions detailed earlier in this opinion.

(Footnote omitted).

In light of the appropriate standard for reviewing insufficiency of the evidence claims, quoted from *Taylor, supra,* the evidence establishes that on March 3, 1982 in Plains Township, appellant's car crossed the center line of Hudson Road at an S-turn, forcing a policeman's vehicle off the road; the policeman followed the car, which twice more crossed the center line of the road in the next three-tenths of a mile. After pulling appellant over, the officer observed that appellant staggered when he got out of his car, had difficulty returning his key to the ignition after having removed it to fish for identification in his glove compart-

ment, and failed a roadside sobriety test administered by the officer. The officer noticed that appellant smelled slightly of alcohol.

Appellant was arrested and taken to the police station. There he staggered some more, laughed inappropriately, rambled and slurred his speech, and on the whole behaved in a manner consistent with drunkenness. When appellant's rights were read to him he refused to sign a form acknowledging those rights, claiming he could neither read nor write. He admitted having had four beers at a bar. Both the arresting officer and the officer on duty at the station were convinced appellant was drunk and incapable of safe driving.

■ Appellant attacks the sufficiency of the evidence by impugning the reliability of Breathalyzer test results showing his blood-alcohol level to have been 0.15%. He maintains that he was improperly precluded at trial from proving the unreliability of the test results. Appellant's argument is unavailing and, moreover, irrelevant at this point. The other evidence in the case was overwhelmingly sufficient to convict appellant of driving under the influence of alcohol as that crime is defined in 75 Pa.C.S. § 3731; *Commonwealth v. Richardson*, 307 Pa.Super. 191, 452 A.2d 1379 (1982). The Breathalyzer results were merely proof of the punch. Appellant's argument, directed in essence to the weight and admissibility of one particular piece of evidence, merits no consideration in an assessment of the general sufficiency of the evidence. *See generally Commonwealth v. Meadows*, 471 Pa. 201, 369 A.2d 1266 (1977). As far as concerns appellant's objection to the Breathalyzer evidence per se, the opinion of the trial court completely disposes of the issue.

The evidence on the charge of receiving stolen property showed that the arresting officer removed a Texaco credit card from appellant's coat pocket while inventorying his property pursuant to normal police procedure. The officer thought nothing of the card until appellant saw it on the table and began to make a "fuss" over it, saying it was his

and the police could not take it. As this demonstration roused the officer's suspicion, he picked the card up and noticed it was issued to Nicholas Trucking Company. Further investigation disclosed that the card had been reported stolen in October of 1981 by the vice president of the trucking company after unauthorized charges started turning up on the card account. The truck driver who was authorized to use the card had noticed it missing sometime in August or September of 1981.

The police impounded the credit card before releasing appellant. Several days later appellant telephoned the arresting officer and said he had found the card and had intended to turn it in for a reward. At trial, appellant testified that he had borrowed the card from one Jay Nicholas in a bar the night before his arrest, and that later Jay Nicholas had told him the card was no good and to turn it in for a reward.

The offense of receiving stolen property is defined in the Crimes Code at 18 Pa.C.S. § 3925:

**(a) Offense defined.**—A person is guilty of theft if he intentionally receives, retains, or disposes of movable property of another knowing that it has been stolen, or believing that it has probably been stolen, unless the property is received, retained, or disposed with intent to restore it to the owner.

**(b) Definition.**—As used in this section the word "receiving" means acquiring possession, control or title, or lending on the security of the property.

■ To prove this offense it was incumbent upon the Commonwealth to show that the card was stolen, that appellant was in possession of it, and that he knew or had reason to know it was stolen. *Commonwealth v. Deemer,* 316 Pa.Super. 28, 462 A.2d 776 (1983). Appellant argues that the Commonwealth failed to prove either that the card was stolen or that he knew or should have known it was stolen.

■ Given the nature and uses of credit cards, it is often difficult to prove directly that one has been stolen. *Commonwealth v. Houmis*, 227 Pa.Super. 573, 307 A.2d 339 (1973) (allocatur denied). However, circumstantial evidence alone may be sufficient to prove that a credit card has been stolen or taken feloniously. *Id.; Commonwealth v. Elam*, 221 Pa.Super. 315, 293 A.2d 103 (1972). Here the evidence showed that unlawful use was being made of the card soon after its rightful possessor discovered it missing. Appellant argues that the card may have been lost, in which event he could not be convicted of receiving stolen property. *See Commonwealth v. Elam, supra.* However, the truck driver who was authorized to use the card testified that he did not think he had lost it, since he had not used it for months prior to its disappearance and he had kept it with other oil company cards which he still had at the time of trial.

There also was sufficient circumstantial evidence of appellant's consciousness of guilt to establish the element of knowledge or belief that the card was probably stolen. *See Commonwealth v. Simmons*, 233 Pa.Super. 547, 336 A.2d 624 (1975). When the officers found the card appellant became upset and claimed the card was his; later he tried to convince them he had found the card; at trial he promulgated yet a third story, that the card had been given him by a Jay Nicholas.

■ An inference that the accused knew property in his possession to be stolen may be gathered from evidence of his conduct at arrest, *Commonwealth v. Williams*, 468 Pa. 357, 362 A.2d 244 (1976), as well as from the fact that his possession was unexplained or unsatisfactorily explained. *Id.; Commonwealth v. Randall*, 287 Pa.Super. 479, 430 A.2d 991 (1981) (allocatur denied); *Commonwealth v. Plath*, 267 Pa.Super. 1, 405 A.2d 1273 (1979). Of course, in determining whether possession is unexplained or unsatisfactorily explained, the jury may believe all, part, or none of the defendant's evidence. *See Commonwealth v. Harrison*, 289 Pa.Super. 126, 432 A.2d 1083 (1981).

Appellant's explanation at trial for his possession of the credit card bore clear marks of contrivance. What he told the jury was not what he had told the police. There was too suspicious a similarity between the names of the alleged card donor and the actual card owner. Moreover, credit cards are not items so casually loaned among barroom acquaintances as to lend appellant's story the least bit of credibility. *See Commonwealth v. Allen,* 227 Pa.Super. 157, 324 A.2d 437 (1974) (ease with which stolen items may assimilate into legitimate commerce relevant to whether possessor knew they were stolen). Other factors for the jury to consider were appellant's failure to produce Jay Nicholas as a witness, *see Commonwealth v. Poteete,* 274 Pa.Super. 490, 418 A.2d 513 (1980); *Commonwealth v. Phillips,* 258 Pa.Super. 109, 392 A.2d 708 (1978); and appellant's lack of any relationship to the corporation whose name clearly appeared on the property, *see Commonwealth v. Grabowski,* 306 Pa.Super. 483, 452 A.2d 827 (1982).

We hold that the evidence was sufficient to prove the crime of receiving stolen property beyond a reasonable doubt.

Appellant next contends that because the charges were originally filed in separate complaints, it was improper for the court to consolidate the charges for trial. Appellant cites Pa.R.Crim.P. 131(b), which states "When more than one offense is alleged to have been committed by one person arising from the same incident, the issuing authority shall accept only one complaint, and shall docket the matter as a single case." The new trial appellant requests however, is not the appropriate remedy for a failure to abide by Rule 131(b). The proper remedy, as stated in Rule 131(c), is forfeiture of the costs taxed to the defendant by the issuing authority.

As for the action of the trial court to consolidate, the propriety of consolidating separate charges for trial is a

matter within the sound discretion of the trial judge, whose decision will not be disturbed absent clear prejudice and injustice to the defendant. *Commonwealth v. Hill,* 479 Pa. 346, 388 A.2d 689 (1978); *Commonwealth v. Webster,* 323 Pa.Super. 164, 470 A.2d 532 (1983). Here we are unable to find that appellant suffered prejudice depriving him of a fair trial.

■ Moreover, if the separate charges arose "from the same incident" as that phrase is used in Rule 131(b), then it would also seem they arose "from the same criminal episode." If so, the prosecution was compelled to try the charges together. 18 Pa.C.S. § 110; *Commonwealth v. Griffin,* 310 Pa.Super. 39, 456 A.2d 171 (1983) (allocatur denied); *but see Commonwealth v. Stewart,* 325 Pa.Super. 465, 473 A.2d 161 (1984). In any case, we hold that the trial court did not abuse its discretion in consolidating the charges.

Finally, appellant argues that his mistrial request should have been granted when the arresting officer testified that appellant was unemployed and receiving welfare benefits. This testimony came out as the officer explained why he was suspicious about appellant's possessing a corporate credit card. The trial court immediately sustained a defense objection and instructed the jury to disregard the testimony as having nothing to do with the case.

■ The decision whether to declare a mistrial is another matter left to the sound discretion of the trial court. Where, as here, the prejudicial effect of information erroneously placed before the jury is minimal, and the court promptly moves to cure any prejudice with cautionary instructions, we will not reverse the court's decision not to abort the trial. *Commonwealth v. Miller, supra;* *Commonwealth v. Stokes,* 279 Pa.Super. 361, 421 A.2d 240 (1980).

Judgment of sentence affirmed.