J-S35031-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
:          PENNSYLVANIA
:
v.                  :
:
:
TROY ANTHONY JORDAN         :
:
Appellant         :   No. 1931 MDA 2017

Appeal from the Judgment of Sentence July 26, 2017
In the Court of Common Pleas of Lebanon County Criminal Division at
No(s):  CP-38-CR-0000250-2017

BEFORE:  BENDER, P.J.E., PANELLA, J., and MURRAY, J.

MEMORANDUM BY MURRAY, J.:         **FILED JULY 11, 2018**

Troy Anthony Jordan (Appellant) appeals from the judgment of sentence imposed after a jury convicted him of conspiracy to commit robbery and conspiracy to commit theft by unlawful taking.[1]  We affirm.

The Commonwealth charged Appellant with robbery, theft by unlawful taking, simple assault, and conspiracy to commit each of these three offenses. Appellant challenges the sufficiency and weight of the evidence.  Accordingly, we review the evidence adduced at the jury trial held on June 6, 2017.

Joshua Van Brunt (victim) testified that at approximately 2:00 a.m. on April 12, 2016, he was working alone at a Turkey Hill convenience store in Annville Township, Lebanon County, when a man wearing a mask entered the

---

[1] 18 Pa.C.S.A. §§ 903(a), 3701(a)(1)(ii), 3921(a).

store, pointed a gun at the victim, and ordered him into the store bathroom. N.T., 6/6/17, at 8-14. The man demanded the code to the cash register. The man then took at least $100 cash from the register and three cartons of Newport cigarettes. The victim described the man as approximately 6′ tall, "darker-skinned," and wearing a backpack and a jacket with the hood up. *Id.* at 14. The victim could not see the man's face because of the mask. The Commonwealth played surveillance video taken inside the store depicting these events. *Id.* at 17-18.

The Commonwealth also called Appellant's roommate, Marty Cooper, as a witness. Cooper testified that he "unknowingly drove the vehicle in the [r]obbery," *see id.* at 21, explaining that on the day of the robbery, he was with Appellant and their other roommate and friend, Trenton Hoek. Appellant joked twice, first at home and then at a bar, about robbing someone. *Id.* at 22-23. The second time, Appellant stated that he wanted to "get[ ] a rush" from holding a gun to someone. *Id.* at 23. Cooper, however, did not take Appellant seriously. The three men returned home briefly, Appellant got his backpack, and they went out again, with Cooper driving, Appellant in the front passenger seat, and Hoek in the rear. *Id.* at 28. Cooper thought that he was driving Appellant to Annville to buy marijuana. *Id.* at 24, 46. Appellant directed Cooper to park in an alley near a Turkey Hill store and then exited the car. Hoek got into the front seat. *Id.* at 28. When Appellant returned to the car, he "was in . . . a hurry" and told Cooper, "[G]o, go go." *Id.* at 25.

Cooper drove off. After they returned home, Appellant told Cooper that he "hit" — meaning "robbed" — the Turkey Hill store with a gun, locked the store clerk in the bathroom, opened the cash register, and took cigarettes. *Id.* at 26. Cooper also saw that Appellant had a black BB gun. *Id.* at 27.

Cooper testified that he also was charged in connection with the robbery, and that he pleaded guilty to robbery, conspiracy to commit robbery, theft, conspiracy to commit theft, attempted simple assault, conspiracy to commit simple assault, unsworn falsification to authorities, and driving under suspension. *Id.* at 8-10. At the time of Appellant's trial, Cooper had not been sentenced, but he hoped — despite not being promised any particular sentence — that his cooperation in Appellant's case would be favorable to him at sentencing. *Id.* at 21. On cross-examination, Cooper admitted that on the day after the robbery, he told police that he, Appellant, and Hoek all discussed robbing a Turkey Hill store near their house. *Id.* at 33. However, Cooper then maintained that when Appellant exited the car in Annville, Appellant told him he was going to buy marijuana, and Cooper was not sure whether Appellant robbed the Turkey Hill until they returned home. *Id.* at 46-47. Cooper pled guilty to being an accomplice or conspirator in the robbery because his attorney recommended it; Cooper testified to his understanding that because he was the driver, he "could still be guilty by association." *Id.* at 47-48.

Hoek also testified as a Commonwealth witness. He testified that he

was with Appellant and Cooper at a bar on the date of the robbery. *Id.* at 57-58. Hoek did not remember specifically what they discussed, but Appellant and Cooper talked about robbing someone, and he tried to dissuade them. *Id.* at 59-60. They all went home, and then all went back out, and on the way to the Turkey Hill store, they again discussed a robbery. *Id.* at 62. After they parked at the Turkey Hill, Appellant went into the store and returned with cigarettes and money. *Id.* at 63. Hoek admitted that in his original statement to police, he denied being in the car with Appellant and Cooper, but on the day before trial, Hoek told the prosecutor that statement was not true. *Id.* at 62. Hoek acknowledged that in light of his testimony, he could be charged. *Id.* at 64.

The Commonwealth also called two police officers, who testified about their investigation of the robbery. The trial court summarized:

- Information was received by police that a Chevy Trailblazer was involved in the robbery. Officers located that vehicle. It was registered to COOPER.

- A Search Warrant was executed for [Appellant's] residence and COOPER's vehicle. Inside the vehicle and the residence were unopened Newport cigarette packages consistent with those taken from Turkey Hill. [N.T., 6/6/17, at 95-96.]

- While police were executing the Search Warrant of [Appellant's] residence, one officer observed a book bag inside a red Pontiac Sunfire parked at the residence. This book bag matched the description of the book bag shown on the security video tape as being worn by the robber. [*Id.* at 95.]

- [Appellant] could not be located at his residence or in the Annville area. Eventually, [Appellant] was apprehended in . . . Maryland on November 21, 2016. [*Id.* at 98.]

- 4 -

Trial Court Opinion, 11/8/17, at 3-4. Appellant did not testify or present any witnesses.

The jury found Appellant guilty of conspiracy to commit robbery and conspiracy to commit theft, but not guilty of robbery, theft by unlawful taking, simple assault, and conspiracy to commit simple assault. The jury also found that Appellant did not possess or use a deadly weapon in the commission of the offenses.

On July 26, 2017, the trial court sentenced Appellant to 18 to 36 months' imprisonment for conspiracy to commit robbery, and found that Appellant's conviction of conspiracy to commit theft merged for sentencing purposes.[2] Appellant filed a post-sentence motion, challenging both the sufficiency and weight of the evidence, which the court denied. Appellant timely appealed and complied with the court's order to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal.

Appellant presents two issues for our review:

I. Did the Commonwealth fail to present sufficient evidence at trial to prove beyond a reasonable doubt that [Appellant] was involved in the robbery of the Turkey Hill or that he conspired with anyone to either rob or steal from the Turkey Hill?

---

[2] The trial court reasoned that based on the jury's finding that Appellant did not possess a firearm, the jury rejected the Commonwealth's theory of the case that it was Appellant who entered the store and pulled a gun on the clerk. The trial court stated that it imposed the sentence based on this finding. Trial Court Opinion, 11/8/17, at 5.

II. Were the verdicts of guilty at counts II and IV against the weight of the evidence because the Jury placed too great a weight on the testimony of the Commonwealth's witnesses, Marty Cooper and Trent Hoek that [Appellant] was involved with or conspired to rob the Turkey Hill.

Appellant's Brief at 4.

We address Appellant's issues together. First, he avers the Commonwealth failed to present sufficient evidence to prove that he was involved in the robbery or that he conspired with anyone to rob the Turkey Hill. Specfically, he maintains that the victim was unable to identify the robber; "[t]he only two witnesses that testified that [Appellant] discussed robbing the Turkey Hill were Cooper and [Hoek]"; both Cooper and Hoek admitted that they initially lied to the police regarding their roles in the robbery; and the jury found that Appellant "did not a possess a firearm and was not the person who actually entered the Turkey Hill and robbed the clerk." *Id.* at 9. In Appellant's second issue, he challenges the weight of the evidence. Appellant reiterates that Cooper and Hoek both testified that they lied to the police about their roles in the robbery, and that they hoped their testimony would result in favorable treatment from the Commonwealth. Appellant concludes that "the jury placed too great a weight on the testimony of Cooper and [Hoek.]" *Id.* at 10. We disagree.

The trial court accurately stated, "A motion for new trial on grounds that the verdict is contrary to the weight of the evidence concedes that there is sufficient evidence to sustain the verdict[.]" Trial Court Opinion, 11/8/17, at

6, quoting ***Commonwealth v. Whiteman***, 485 A.2d 459, 462 (Pa. Super. 1984). ***See also Commonwealth v. Widmer***, 744 A.2d 745, 751-52 (Pa. 2000) (a claim of insufficient evidence argues that there was no reliable evidence presented as to each element of the offense charged beyond a reasonable doubt, but a challenge to the weight of the evidence concedes there was sufficient evidence to sustain the verdict). Here, Appellant concedes that both Cooper and Hoek testified that Appellant discussed robbing someone with them; Appellant argues that the jury should not have believed this testimony. Thus, Appellant only argues, and we only consider, his weight of the evidence claim. ***See id.***; ***Whiteman***, 485 A.2d at 462.

In reviewing a challenge to the weight of the evidence, this Court has explained:

> The weight of the evidence is exclusively for the finder of fact who is free to believe all, part, or none of the evidence and to determine the credibility of the witness. An appellate court cannot substitute its judgment for that of the finder of fact. Thus, we may only reverse the lower court's verdict if it is so contrary to the evidence as to shock one's sense of justice. Moreover, where the trial court has ruled on the weight claim below, an appellate court's role is not to consider the underlying question of whether the verdict is against the weight of the evidence. Rather, appellate review is limited to whether the trial court palpably abused its discretion in ruling on the weight claim.

***Commonwealth v. Collins***, 70 A.3d 1245, 1251 (Pa. Super. 2013) (citation omitted). "To sustain a conviction for criminal conspiracy, the Commonwealth must establish that the defendant (1) entered into an agreement to commit or aid in an unlawful act with another person or persons, (2) with a shared

criminal intent and (3) an overt act was done in furtherance of the conspiracy." ***Commonwealth v. McCall***, 911 A.2d 992, 996 (Pa. Super. 2006); ***see also*** 18 Pa.C.S.A. § 903(a).

Appellant's argument would require this Court to disregard not only the jury's credibility findings, but also the trial court's denial of his post-trial motion. This is not our function, because the jury, as the factfinder, was free to believe all, part, or none of Cooper and Hoek's testimony, and our role, as an appellate court, is to consider only whether the trial court abused its discretion in denying Appellant's weight claim. ***See Collins***, 70 A.3d at 1251. As detailed above, the Commonwealth presented the following evidence: on the day of the robbery, Appellant discussed robbing someone with his roommates, Cooper and Hoek; the three men drove to a Turkey Hill store and parked; Appellant exited the car and returned, ordering Cooper to drive quickly; after the three men returned home, Appellant told Cooper that he "hit" the Turkey Hill, ordered the store clerk into the bathroom, and took cash and cigarettes from the store; and Cooper saw Appellant's gun. On this record, we cannot find an abuse of discretion by the trial court. ***See McCall***, 911 A.2d at 996. Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 07/11/2018