J-A22014-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DANIEL ROBERT WILSON | : | |
| | : | |
| Appellant | : | No. 2101 MDA 2019 |

Appeal from the Judgment of Sentence Entered July 10, 2019
In the Court of Common Pleas of Franklin County Criminal Division at
No(s):  CP-28-CR-0001224-2018

BEFORE:  SHOGAN, J., STABILE, J., and MURRAY, J.

MEMORANDUM BY MURRAY, J.:  **FILED: OCTOBER 13, 2020**

Daniel Robert Wilson (Appellant) appeals from the judgment of sentence imposed after the trial court found him guilty of driving under the influence (DUI) of controlled substances (metabolite) and DUI – impaired ability (controlled substances).[1]  We affirm.

On the night of November 15, 2017, Tamara Funk (Funk) was working at Catch-Up Logistics, a storage and truck-loading facility.  Funk witnessed Appellant operating his truck and struggling to park it at one of the facility's loading docks.  Funk observed Appellant make 10 to 15 attempts to park at the dock, when it generally takes a driver five or less attempts to park.  After Appellant got out of the truck, Funk observed Appellant swaying and struggling to maintain his balance.  Funk then called the Chambersburg Police

---

[1] 75 Pa.C.S.A. §§ 3802(d)(1)(iii), (2).

Department to report her concern that Appellant may have been driving under the influence.

Officer Patrick Hinds (Officer Hinds) from the Chambersburg Police Department responded to the call. According to Officer Hinds, Appellant's truck was still running when he arrived. When Officer Hinds knocked on the driver's side door of Appellant's truck, Appellant opened the door and the officer smelled an overpowering odor of marijuana coming from the truck. Officer Hinds then asked Appellant if he was the driver of the truck, to which Appellant responded in the affirmative. Officer Hinds next asked Appellant if he had smoked marijuana in the truck, and Appellant stated that he did.

Officer Hinds asked Appellant to exit the truck and perform field sobriety tests. Appellant failed the walk-and-turn test, and consequently, Officer Hinds determined that Appellant was impaired by a controlled substance and was incapable of safely operating a motor vehicle. Officer Hinds placed Appellant under arrest and transported him to Chambersburg Hospital for blood testing. The toxicology report, to which both parties stipulated, revealed that Appellant's blood contained the active ingredient in marijuana, THC, and two marijuana metabolites.

The Commonwealth charged Appellant with: Count 1 – DUI – controlled substance, Count 2 – DUI – controlled substance (metabolite), and Count 3 – DUI – impaired ability (controlled substances). On April 4, 2019, the trial

court held bench trial and found Appellant guilty as to Counts 2 and 3, and not guilty as to Count 1.

On July 10, 2019, the trial court sentenced Appellant to 72 hours to 6 months of incarceration. On July 19, 2019, Appellant filed post-sentence motions in which he argued, *inter alia*, that the trial court's verdict for both of his convictions was against the weight of the evidence. On December 13, 2019, the court entered an order denying Appellant's post-sentence motions. This appeal followed.[2]

Appellant states his four evidentiary issues as follows:

1. An individual may not drive, operate or be in actual physical control of the movement of a vehicle while there is in the individual's blood any amount of a metabolite of a substance. . . .

---

[2] Pursuant to Pennsylvania Rule of Criminal Procedure 720(B)(3)(a), the trial court "shall decide the post-sentence motion, including any supplemental motion, within 120 days of the filing of the motion. If the judge fails to decide the motion within 120 days, or to grant an extension as provided in paragraph (B)(3)(b), the motion shall be deemed denied by operation of law." Pa.R.Crim.P. 720(B)(3)(a). Here, the 120-day period for a decision on Appellant's post-sentence motions expired on November 18, 2019. The clerk of courts, however, failed to enter an order deeming the motions denied on that date. **See** Pa.R.Crim.P. 720(B)(3)(c) ("When a post-sentence motion is denied by operation of law, the clerk of courts shall forthwith enter an order on behalf of the court, and, . . . forthwith shall serve a copy of the order on the attorney for the Commonwealth, the defendant's attorney, or the defendant if unrepresented, that the post-sentence motion is deemed denied."). Instead, the trial court ruled on the motion on December 13, 2019, outside the 120-day period, and Appellant appealed within 30 days of that order. Ordinarily, the appeal would be untimely, however, this Court has held that a breakdown of the courts occurs when the trial court clerk fails to enter an order deeming post-sentence motions denied by operation of law pursuant to Rule 720(B)(3)(c). **See Commonwealth v. Patterson**, 940 A.2d 493, 498-99 (Pa. Super. 2007). Accordingly, we consider Appellant's substantive issues.

Here, no evidence was presented at trial that [Appellant] had smoked any marijuana prior to driving. Does sufficient evidence exist to find [Appellant] guilty when no evidence exists or was presented at trial that [Appellant] had smoke marijuana?

2. The verdict is against the weight of the evidence where it "shocks one's sense of justice." Here, [Appellant] was charged and found guilty of DUI Controlled Substance – Metabolite. However, no evidence was presented at trial that [Appellant] had smoked any marijuana prior to driving. Does a guilty verdict shock the conscience when a person is charged with DUI substance metabolite and no evidence was presented that [Appellant] smoked marijuana prior to driving?

3. An individual may not drive, operate or be in actual physical control of the movement of a vehicle while under the influence of a drug or combination of drugs which renders him unable to safely operate his vehicle. Here, no evidence was presented at trial that [Appellant] had smoked any marijuana prior to driving. Does sufficient evidence exist to find [Appellant] guilty when no evidence exists or was presented at trial that [Appellant] had smoke marijuana?

4. The verdict is against the weight of the evidence where it "shocks one's sense of justice." Here, [Appellant] was charged and found guilty of driving while under the influence of a drug or combination of drugs to a degree which impairs his ability to safely operate his vehicle. However, no evidence was presented at trial that [Appellant] had smoked any marijuana prior to driving. Does a guilty verdict shock the conscience when a person is charged with driving under the influence of a drug or a combination of drugs and no evidence was presented that [Appellant] smoked marijuana prior to driving?

Appellant's Brief at 1-2.

Appellant's first and third issues challenge the sufficiency of the evidence of his DUI – controlled substance (metabolite) and DUI – impaired ability (controlled substances) convictions. As the arguments for both of these issues are nearly identical, we address them together. Appellant argues that

the Commonwealth failed to present evidence that Appellant was under the influence of a controlled substance while he was in physical control of his truck.

In reviewing a challenge to the sufficiency of the evidence, we recognize:

> As a general matter, our standard of review of sufficiency claims requires that we evaluate the record in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Nevertheless, the Commonwealth need not establish guilt to a mathematical certainty. Any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances.
>
> The Commonwealth may sustain its burden by means of wholly circumstantial evidence. Accordingly, [t]he fact that the evidence establishing a defendant's participation in a crime is circumstantial does not preclude a conviction where the evidence coupled with the reasonable inferences drawn therefrom overcomes the presumption of innocence. Significantly, we may not substitute our judgment for that of the fact finder; thus, so long as the evidence adduced, accepted in the light most favorable to the Commonwealth, demonstrates the respective elements of a defendant's crimes beyond a reasonable doubt, the appellant's convictions will be upheld.

*Commonwealth v. Franklin*, 69 A.3d 719, 722-23 (Pa. Super. 2013) (internal quotations and citations omitted). Importantly, "the [fact-finder], which passes upon the weight and credibility of each witness's testimony, is free to believe all, part, or none of the evidence." *Commonwealth v. Ramtahal*, 33 A.3d 602, 607 (Pa. 2011).

Appellant was convicted under Section 3802(d) of the Pennsylvania Vehicle Code, which defines DUI offenses in the context of controlled substances. Section 3802(d) provides in pertinent part:

> **(d) Controlled substances.--**An individual may not drive, operate or be in actual physical control of the movement of a vehicle under any of the following circumstances:
>
> (1) There is in the individual's blood any amount of a:
>
> (i) Schedule I controlled substance, as defined in the act of April 14, 1972 (P.L. 233, No. 64),1 known as The Controlled Substance, Drug, Device and Cosmetic Act;
>
> (ii) Schedule II or Schedule III controlled substance, as defined in The Controlled Substance, Drug, Device and Cosmetic Act, which has not been medically prescribed for the individual; or
>
> (iii) metabolite of a substance under subparagraph (i) or (ii).
>
> (2) The individual is under the influence of a drug or combination of drugs to a degree which impairs the individual's ability to safely drive, operate or be in actual physical control of the movement of the vehicle.

75 Pa.C.S.A. § 3802(d). Under the Pennsylvania Controlled Substance, Drug, Device, and Cosmetic Act, marijuana is a Schedule I controlled substance. 35 P.S. § 780-104(1)(iv).

Regarding operation or physical control of a vehicle under Section 3802, this Court has explained:

> The term "operate" requires evidence of actual physical control of the vehicle to be determined based upon the totality of the circumstances. Our precedent indicates that a combination of the following factors is required in determining whether a person had "actual physical control" of an automobile: the motor running, the location of the vehicle, and additional evidence showing that the

defendant had driven the vehicle. The Commonwealth can establish that a defendant had "actual physical control" of a vehicle through wholly circumstantial evidence. Furthermore, a police officer may utilize both his experience and personal observations to render an opinion as to whether a person is intoxicated.

***Commonwealth v. Williams***, 941 A.2d 14, 27 (Pa. Super. 2008) (citations omitted).

In this case, the evidence supports the trial court's finding that Appellant was under the influence of a controlled substance (marijuana), and had metabolites of marijuana and THC in his blood. Notably, the parties stipulated to the admission of the toxicology report, which indicated that Appellant's blood contained the active ingredient in marijuana, THC, and two metabolites. ***See*** N.T., 4/4/19, at 3.

At trial, Funk testified that she witnessed Appellant operating his truck and struggling to successfully park the truck. ***Id.*** at 20-22. Funk testified that she observed Appellant make 10 to 15 attempts to park at the dock, when it typically takes a truck driver no more than five attempts to park. ***Id.*** at 21. Funk stated that she found this number of attempts to be "out of the ordinary" and that Appellant had to exit the truck three times in order to successfully park it. ***Id.*** Funk reported that after Appellant got out of the truck, she observed him struggling to maintain his balance, swaying from side to side, and using a wall for assistance while walking. ***Id.*** at 25, 28. For these reasons, Funk contacted the police. ***Id.*** at 27.

Officer Hinds testified that when he got to the truck-loading facility, Appellant's truck was still running. *Id.* at 46. Officer Hinds stated that he knocked on the driver's side door of Appellant's truck, Appellant opened the door, and the officer smelled a strong odor of marijuana coming from the truck. *Id.* at 46-47. Officer Hinds testified that he asked Appellant if he was the driver of the truck, and Appellant answered "yes." *Id.* at 47. Officer Hinds asked Appellant if he had "smoked weed" in the truck, and Appellant once again responded "yes." *Id.*

Officer Hinds testified that he asked Appellant to exit the truck and perform field sobriety tests. *Id.* at 48. Based on the test results, Officer Hinds concluded Appellant was "under the influence of a controlled substance which rendered him incapable of safely operating the motor vehicle." *Id.* at 49. Officer Hinds placed Appellant under arrest under suspicion of DUI. *Id.* at 50.

Based on our review of the record, and viewing the evidence in the light most favorable to the Commonwealth as the verdict winner, the evidence was sufficient for the trial court to conclude that Appellant was in physical control of the truck while under the influence of marijuana. In particular, Funk's testimony that she witnessed Appellant fail numerous times to successfully park the truck, and had difficulty standing and walking immediately thereafter, support the court's determination that Appellant operated the truck under the influence of a controlled substance. *See* 75 Pa.C.S.A. § 3802(d)(2).

With regard to Appellant's conviction under 75 Pa.C.S.A. § 3802(d)(1)(iii), Appellant's blood content was substantiated by chemical testing that night. Accordingly, Appellant's challenge to the sufficiency of the evidence as to both DUI convictions lacks merit.

Appellant's second and fourth issues challenge the weight of the evidence of his DUI – controlled substance (metabolite) and DUI – impaired ability (controlled substances) convictions. Because the arguments related to each of these issues mirror Appellant's sufficiency arguments, neither issue warrants relief.

The differences between a challenge to the weight and a challenge to the sufficiency of the evidence, as our Supreme Court explained in *Commonwealth v. Widmer*, 744 A.2d 745, 751-52 (Pa. 2000), are as follows:

> The distinction between these two challenges is critical. A claim challenging the sufficiency of the evidence, if granted, would preclude retrial under the double jeopardy provisions of the Fifth Amendment to the United States Constitution, and Article I, Section 10 of the Pennsylvania Constitution, *Tibbs v. Florida*, 457 U.S. 31 (1982); *Commonwealth v. Vogel*, 461 A.2d 604 (Pa. 1983), whereas a claim challenging the weight of the evidence if granted would permit a second trial. *Id.*
>
> A claim challenging the sufficiency of the evidence is a question of law. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. *Commonwealth v. Karkaria*, 625 A.2d 1167 (Pa. 1993). Where the evidence offered to support the verdict is in contradiction to the physical facts, in contravention to human experience and the laws of nature, then the evidence is insufficient as a matter of law. *Commonwealth v. Santana*, 333 A.2d 876

(Pa. 1975). When reviewing a sufficiency claim the court is required to view the evidence in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence. **Commonwealth v. Chambers**, 599 A.2d 630 (Pa. 1991).

A motion for new trial on the grounds that the verdict is contrary to the weight of the evidence, concedes that there is sufficient evidence to sustain the verdict. **Commonwealth v. Whiteman**, 485 A.2d 459 (Pa. Super. 1984). Thus, the trial court is under no obligation to view the evidence in the light most favorable to the verdict winner. **Tibbs**, 457 U.S. at 38 n.11.

**Widmer**, 744 A.2d at 751-52 (citations modified).

The Supreme Court has detailed our standard of review for a claim that

a verdict was against the weight of the evidence as follows:

A motion for a new trial based on a claim that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. **Commonwealth v. Widmer**, [] 744 A.2d 745, 751-52 ([Pa.] 2000); [**Commonwealth v. Brown**, 648 A.2d 1177, 1189 (Pa. 1994)]. A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. **Widmer**, 744 A.2d at 752. Rather, "the role of the trial judge is to determine that 'notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice.'" [**Id.**] (citation omitted). It has often been stated that "a new trial should be awarded when the jury's verdict is so contrary to the evidence as to shock one's sense of justice and the award of a new trial is imperative so that right may be given another opportunity to prevail." **Brown**, 648 A.2d at 1189.

An appellate court's standard of review when presented with a weight of the evidence claim is distinct from the standard of review applied by the trial court:

Appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence. **Brown**, 648 A.2d at 1189. Because the trial judge has had

- 10 -

the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. ***Commonwealth v. Farquharson***, 354 A.2d 545 (Pa. 1976). One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.

*Widmer*, 744 A.2d at 753 (emphasis added).

***Commonwealth v. Clay***, 64 A.3d 1049, 1054-55 (Pa. 2013).

As noted above, Appellant's weight challenges echo his challenges to the sufficiency of the evidence. Indeed, both weight arguments are essentially "cut-and-pasted" renditions of his sufficiency arguments. **See** Appellant's Brief at 12-27. Consequently, Appellant has failed to properly present his weight arguments, and thus, has waived these claims. **See Commonwealth v. Perez**, 93 A.3d 829, 842 (Pa. 2014) (holding that appellant's "boilerplate" and "undeveloped" challenge to the weight of evidence was waived). Accordingly, Appellant's second and fourth issues lack merit.

Judgment of sentence affirmed.

Judge Shogan joins the memorandum.

Judge Stabile concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>10/13/2020</u>