J-S24043-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
DAMON TYSHAWN DEVINE :
:
Appellant : No. 958 WDA 2020

Appeal from the Judgment of Sentence Entered February 28, 2020
In the Court of Common Pleas of Blair County Criminal Division at No(s):
CP-07-CR-0002140-2017

BEFORE: DUBOW, J., KING, J., and STEVENS, P.J.E.*

MEMORANDUM BY STEVENS, P.J.E.: **FILED: AUGUST 13, 2021**

Appellant Damon Tyshawn Devine appeals from the Judgment of
Sentence entered in the Court of Common Pleas of Blair County on February
28, 2020, following a jury trial. We affirm.

At trial, Corporal Derek Swope testified that as an officer with the
Altoona Police Department, he had been assigned to transport Appellant to a
Magisterial District Justice's (MDJ) office for an arraignment on July 31, 2017.
N.T. Trial, 2/6/20, at 54. Although for safety reasons police policy dictated
that prisoners typically are handcuffed behind their back, Corporal Swope
bound Appellant's wrists with a double set of handcuffs in front of his torso to
make it easier for Appellant to walk with his cane. *Id*. at 55.

_____

* Former Justice specially assigned to the Superior Court.

While in a holding cell awaiting a hearing on other matters before the MDJ, Appellant and Blaine Jackson, a fellow detainee who sat to Appellant's immediate left, became engaged in a verbal altercation during which Appellant, who believed Jackson had testified against him before a grand jury, threatened to strike Jackson. *Id*. at 58-59. Although Corporal Swope attempted to quell the situation, Appellant "in one very quick fast motion took his arms with the handcuffs and brought them in a raking motion to strike Mr. Jackson in his body and face." *Id*. at 59-60. Jackson, who also had been handcuffed in front of his body, deflected the initial blow intended for his head, but was struck by Appellant and complained of pain in his left forearm and wrist as a result of the impact. *Id*. at 61-62, 69.

Corporal Swope explained that handcuffs are heavy. The ones that bound Appellant were comprised of metal that was approximately a quarter inch thick, and each set of handcuffs would have weighed about two pounds. Corporal Swope indicated that one's use of metal handcuffs as a weapon against another is dangerous and could "absolutely" result in injury. *Id*. at 62-65. He further explained that Appellant made a "full body motion to swing the cuffs to get force behind it." *Id*. at 69-70.

Following this incident, Appellant was charged with and convicted of Assault by Prisoner, a felony, and Simple Assault.[1] On February 28, 2020, Appellant was sentenced to a period of incarceration of eighteen (18) months

_____

[1] 18 Pa.C.S.A. § 2703(a) and 18 Pa.C.S.A. 2701(a)(1), respectively.

to thirty-six (36) months and ordered to pay all statutorily imposed costs of prosecution along with a one thousand dollar ($1,000) fine. On March 5, 2020, Appellant file his Post-Sentence Motion, and the trial court denied the same on April 16, 2020.

On May 14, 2020, Appellant filed his Notice of Appeal. On June 23, 2020, the trial court filed its Concise Statement Order pursuant to Pa.R.A.P. 1925(b), and Appellant filed his Statement of Matters Complained of on Appeal on July 9, 2020. The trial court filed its Opinion pursuant to Pa.R.A.P. 1925(a) on February 10, 2021.

In his appellate brief, Appellant presents the following issues for our review:

I.    Whether the trial court erred in finding sufficient evidence to support the verdict because the Commonwealth's evidence. [sic] *Commonwealth v. Ostrosky*, 909 A.2d 1224 (Pa. 2006).

II.   Whether the trial court erred in denying the defense's dismissal motion that the verdict was not supported by the weight of the evidence submitted at trial. *Commonwealth v. Ostrosky*, 909 A.2d 1224 (Pa. 2006).

Brief for Appellant at 6.

When the sufficiency of evidence is challenged on appeal, the evidence must be viewed in the light most favorable to the Commonwealth. ***See Commonwealth v. Little***, 879 A.2d 293, 296-97 (Pa.Super. 2005). A conviction must be upheld if "the trier of fact could have found that each and

every element of the crime charged was established beyond a reasonable doubt." *Id*.

Subsection 2703(a), of the Assault by prisoner statute states:

**a) Offense defined.—**

(1) Except as provided under section 2704 (relating to assault by life prisoner), a person who is confined in or committed to any local or county detention facility, jail or prison or any State penal or correctional institution or other State penal or correctional facility located in this Commonwealth is guilty of a felony of the second degree if he, while so confined or committed or while undergoing transportation to or from such an institution or facility in or to which he was confined or committed intentionally or knowingly, commits an assault upon any of the following:
    (i) Except as provided under subparagraph (ii), another with a deadly weapon or instrument, or by any means or force likely to produce serious bodily injury.
    (ii) A detention facility or correctional facility employee with a deadly weapon or instrument, or by any means or force likely to produce bodily injury.

18 Pa.C.S.A. § 2703(a).

The entirety of Appellant's argument pertaining to his challenge to the sufficiency of the evidence reads as follows:

First, because there was no evidence that the interaction of [Appellant]and Jackson was likely to produce serious bodily injury, the first prong of the statute is not satisfied. Second, there was insufficient evidence as to the nature of the handcuffs qualifying as a deadly weapon in the specific holding cell where they were worn at [the MDJ's] office.

Brief for Appellant at 8. Viewing the evidence in a light most favorable to the Commonwealth as the verdict winner, we disagree.

There was ample evidence that Appellant intended to cause serious bodily injury to Jackson. Appellant believed Jackson had betrayed him

- 4 -

through his grand jury testimony and was very angry. Corporal Swope testified he observed Appellant with the full force of his body swing his arms, which were bound at the wrists, with two sets of metal handcuffs in the direction of Mr. Jackson's head. It was the latter's defensive action that resulted in the impact being to his left forearm and wrist. N.T, 2/6/20, at 70.

Appellant argues the handcuffs do not qualify as a deadly weapon; however, the plain language of Subsection 2703(a) does not require that they be deemed to be so. A person is guilty of the second-degree felony where he or she "commits an assault upon . . . another with a deadly weapon **or** instrument **or** by any means **or** force likely to produce serious bodily injury. 18 Pa.C.S.A. § 2703(a)(1)(i) (emphasis added). Corporal Swope explained that metal handcuffs are unequivocally a weapon the use of which is dangerous and can result in injury, and Appellant used the force of his entire body when wielding the same at Jackson. But for Mr. Jackson's reflex, he risked sustaining a blow to his head and face with the double set of metal handcuffs. Thus, Appellant's claim the record is devoid of evidence that Jackson was at risk of serious bodily injury and that the handcuffs do not qualify as a deadly weapon as is required to satisfy 18 Pa.C.S.A. § 2703(a)(1)(i) is disproved by the record.

When considering Appellant's weight of evidence claim, we initially note that such claims must first be raised in the trial court before they can be asserted on appeal. A weight of evidence claim may be raised in the trial

court *via* a post-sentence motion or after the verdict is entered but before the sentence has been imposed. **See** Pa.R.Crim.P. 607(A); **see also Commonwealth v. Wilson**, 825 A.2d 710, 713 (Pa.Super. 2013) (same).

In his post sentence motion, Appellant challenged both the weight and the sufficiency of his evidence. Notwithstanding, we find his weight of the evidence claim waived for his failure to develop this issue in his appellate brief. Therein, he asserted only that:

> As stated in the question, the issues are simple and, factually, cross over with the sufficiency issue in point one. First, because there was no evidence that the interaction of [Appellant] and Jackson was likely to produce serious bodily injury, the first prong of the statute is not satisfied. Second, there was insufficient evidence as to the nature of the handcuffs qualifying as a deadly weapon in the specific holding cell where they were worn at [the MDJ's] office.

Appellant's Brief at 9-10.

Appellant essentially reiterates his underdeveloped argument presented in support of his sufficiency of the evidence challenge to argue that the verdict was contrary to the weight of the evidence; this he cannot do, for as the Pennsylvania Supreme Court recently held:

[W]e find it necessary to delineate the distinctions between a claim challenging the sufficiency of the evidence and a claim that challenges the weight of the evidence. The distinction between these two challenges is critical. A claim challenging the sufficiency of the evidence, if granted, would preclude retrial under the double jeopardy provisions of the Fifth Amendment to the United States Constitution, and Article I, Section 10 of the Pennsylvania Constitution, **Tibbs v. Florida**, 457 U.S. 31, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982); **Commonwealth v. Vogel**, 501 Pa. 314, 461 A.2d 604 (1983), whereas a claim challenging the weight of the evidence if granted would permit a second trial. **Id.**

A claim challenging the sufficiency of the evidence is a question of law. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. *Commonwealth v. Karkaria*, 533 Pa. 412, 625 A.2d 1167 (1993). Where the evidence offered to support the verdict is in contradiction to the physical facts, in contravention to human experience and the laws of nature, then the evidence is insufficient as a matter of law. *Commonwealth v. Santana*, 460 Pa. 482, 333 A.2d 876 (1975). When reviewing a sufficiency claim the court is required to view the evidence in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence. *Commonwealth v. Chambers*, 528 Pa. 558, 599 A.2d 630 (1991).

A motion for new trial on the grounds that the verdict is contrary to the weight of the evidence, concedes that there is sufficient evidence to sustain the verdict. *Commonwealth v. Whiteman*, 336 Pa.Super. 120, 485 A.2d 459 (1984). Thus, the trial court is under no obligation to view the evidence in the light most favorable to the verdict winner. *Tibbs*, 457 U.S. at 38 n. 11, 102 S.Ct. 2211. An allegation that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. *Commonwealth v. Brown*, 538 Pa. 410, 648 A.2d 1177 (1994). A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. *Thompson, supra*. A trial judge must do more than reassess the credibility of the witnesses and allege that he would not have assented to the verdict if he were a juror. Trial judges, in reviewing a claim that the verdict is against the weight of the evidence do not sit as the thirteenth juror. Rather, the role of the trial judge is to determine that "notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice." *Id.*

*Commonwealth v. Widmer*, 560 Pa. 308, 318–20, 744 A.2d 745, 751–52 (2000) (footnote omitted).

The trial court found herein that the verdict was not against the weight of the evidence and in doing so highlighted Corporal Swope's testimony. Trial Court Opinion, filed February 10, 2021, at 6-7. To overcome this finding, Appellant relies upon his argument in support of his challenge to the sufficiency of the evidence. In doing so, Appellant conflates weight and

- 7 -

sufficiency claims and has essentially failed to develop a challenge to the weight of the evidence. "It is Appellant's obligation to sufficiently develop arguments in his brief by applying the relevant law to the facts of the case, persuade this Court that there were errors below, and convince us relief is due because of those errors. If an appellant does not do so, we may find the argument waived." ***Commonwealth v. Sexton***, 222 A.3d 405, 416 (Pa.Super. 2019) (citation omitted). For all of the foregoing reasons, this issue is waived.

Judgment of Sentence Affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/13/2021