J-A09031-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KASHAWN DIVINE FLOWERS | : | |
| | : | |
| Appellant | : | No. 190 MDA 2022 |

Appeal from the Judgment of Sentence Entered December 21, 2021
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0001962-2019

BEFORE:  PANELLA, P.J., OLSON, J., and KUNSELMAN, J.

CONCURRING/DISSENTING MEMORANDUM BY KUNSELMAN, J.:

**FILED: JULY 25, 2023**

Unlike the Majority, I would find that the trial court abused its discretion by applying the wrong standard to deny Flowers' motion for a new trial based on the weight of the evidence.  I would therefore remand for the trial court to apply the correct standard.  I concur in the Majority's disposition of Flowers' other issues.

The distinction between challenges to evidentiary weight and sufficiency is "critical." **Commonwealth v. Widmer**, 744 A.2d 745, 751 (Pa. 2000). Unlike a sufficiency challenge, a weight-based motion for a new trial concedes that the evidence was sufficient to sustain the verdict. **Id.** (citing **Commonwealth v. Whiteman**, 485 A.2d 459 (Pa. 1984)).  On a weight claim, the trial court looks past "the abstract sufficiency of the evidence" to determine whether "notwithstanding all the facts, certain facts are so clearly

of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice." *Id.* at 751 & n.3 (quoting *Tibbs v. Florida*, 457 U.S. 31, 38 n.11 (1982), and *Thompson v. City of Phila.*, 493 A.2d 669, 674 (Pa. 1985)). The trial court has discretion to grant a new trial in the extraordinary circumstance that "the jury's verdict is so contrary to the evidence as to shock one's sense of justice and the award of a new trial is imperative so that right may be given another opportunity to prevail." *Kimble v. Laser Spine Inst., LLC*, 264 A.3d 782, 800 (Pa. Super. 2021) (*en banc*) (quoting *Thompson*, 493 A.2d at 672)).

While the trial court has discretion in ruling on a weight claim, this discretion is limited. *See id.* An appellate court will reverse a trial court's ruling if the trial court abused its discretion, that is, "where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill will." *Widmer*, 744 A.2d at 753 (quoting *Coker v. S.M. Flickinger Co., Inc.*, 625 A.2d 1181, 1185 (Pa. 1993)). For example, a trial court abuses its discretion by sitting as a "thirteenth juror" and usurping the jury's role as fact finder. *Commonwealth v. Martin*, ___ A.3d ___, 2023 PA Super 105 (Pa. Super. June 12, 2023). Importantly, a trial court also abuses its discretion by applying the standard for evidentiary sufficiency on a challenge to evidentiary weight. *Commonwealth v. Sullivan*, 820 A.2d 795, 806–07 (Pa. Super. 2003).

Here, the trial court's only explanation for why it denied Flowers' post-sentence motion is in two paragraphs of the opinion entered after Flowers

appealed. Trial Court Opinion, 4/18/22, at 9–10. In the first paragraph, the trial court accurately described the law about challenges to the weight of the evidence. In the second paragraph, after reiterating that the evidence was sufficient, the trial court explained that the jury was free to determine witness credibility and to make inferences. As to the deficiencies that Flowers alleged in the evidence against him, the trial court stated that the jury could determine credibility of the cell phone-related testimony and that the jury "likely found" Martinez and Bruno-Carrasquillo to be credible and found that Flowers told them he committed the crime. *Id.*

From this, the Majority finds it "clear" that the trial court applied the correct standard and did not abuse its discretion by denying Flowers' post-sentence motion. Majority Memorandum at 13.

I disagree. Not only did the trial court omit any conclusion of whether the verdict shocked its conscience, but every step of its explanation referenced only the jury's power to determine credibility. By focusing on the abstract sufficiency of the evidence presented to the jury, the trial court never indicated that it separately considered whether weighing the facts of the case shocked its conscience so as to deny justice to Flowers. Based on this record, I am unable to conclude that the trial court applied the correct standard. *Sullivan*, 820 A.2d at 806–07. Because the trial court denied Flowers' weight-of-the-evidence motion by applying a sufficiency-of-the-evidence test, I would remand for the trial court to apply the correct standard. *Id.* at 807 n.12 (citing *Widmer*, 744 A.2d at 752).

- 3 -